UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------

UNITED INDUSTRIAL WORKERS
PENSION PLAN,

                Plaintiff,

   -against-                            22 Civ. 4838 (LGS)

WASTE MANAGEMENT, INC., et al.,           ORDER

                Defendants.

---------------------------------------

LORNA G. SCHOFIELD, District Judge:

      Plaintiff, United Industrial Workers Pension Plan, filed this securities class action on June 9, 2022, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a) ("Exchange Act"), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 ("Rule 10b-5"), by Defendants Waste Management, Inc. ("WM"); James C. Fish, Jr.; Devina A. Rankin; John J. Morris; and Leslie K. Nagy. Compl. ¶¶ 1, 3, ECF No. 1. United Industrial Workers Pension Plan, along with the Seafarers Officers & Employees Pension Plan and the Seafarers Money Purchase Pension Plan (together, the "Pension Plans"), move for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3) and for approval of their counsel as lead counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**I.    DISCUSSION**

    **A.    Appointment of Lead Plaintiff**

      On August 8, 2022, the Pension Plans moved for appointment as lead plaintiff. ECF No. 13. On August 23, 2022, the Pension Plans filed a notice of unopposed motion stating that no competing motions seeking appointment as lead plaintiff were filed and Defendants have not opposed the motion for appointment of lead plaintiffs. ECF No. 22.

1. **Applicable Law**

The PSLRA governs the process for appointing a lead plaintiff in a private securities class action. Under the PSLRA, the Court must adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(B)(3)(iii)(I). Once the presumption is established, it may only be rebutted with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

2. **Presumptive Lead Plaintiff**

The PSLRA requires that "a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period," and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i). In this case, the statutory notice was published on June 9, 2022. ECF No. 15-1. The Pension Plans moved for appointment as lead plaintiff on August 8, 2022. ECF No. 13. Thus, the Pension Plans have made a timely motion and, therefore, satisfy the first requirement to become lead plaintiff.

Regarding the determination of the "largest financial interest," the PSLRA does not prescribe a specific methodology to be used, but courts generally consider: "(1) the number of

shares purchased during the class period; (2) the number of net shares purchased during the class period (i.e.[,] the number of shares retained during the period); (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 118 (S.D.N.Y. 2010) (citing *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007)). However, "[t]he fourth factor is viewed as the most important." *Reimer v. Ambac Fin. Grp., Inc.*, 08 Civ. 411, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008). The Pension Plans purchased WM redeemable senior notes and suffered approximately $105,858 in losses as a result of Defendants' alleged Exchange Act violations. Movants' Mem. at 4–5, ECF No. 14. The Pension Plans are unaware of any other plaintiffs with a larger interest, *id.*, and no other plaintiffs have moved for appointment as lead plaintiff. ECF No. 22.

Finally, a potential lead plaintiff must make a preliminary showing that it satisfied the requirements of Rule 23. *Peters v. Jinkosolar Holding Co.*, 11 Civ. 7133, 2012 WL 946875, at *11 (S.D.N.Y. Mar. 19, 2012). At this stage, a lead plaintiff need only shoe that it meets: (1) the typicality requirement, meaning its claims are typical of the class such that they arise from the same courts of events, and the other class members make similar legal arguments to prove liability, and (2) the adequacy requirement, meaning it can fairly and adequately represent the interests of the class, its interests are not antagonistic to those of the class, and it has retained capable counsel that is qualified to pursue the litigation. *See Faris v. Longtop Fin. Technologies Ltd.*, 11 Civ. 3658, 2011 WL 4597553, at *3 (S.D.N.Y. Oct. 4, 2011); *Lipetz v. Wachovia Corp.*, 08 Civ. 6171, 2008 WL 4615895, at *2 (S.D.N.Y. Oct. 10, 2008). In this case, the Pension Plans appear to meet both requirements. The Pension Plans, like other members of the proposed class, claim that Defendants issued false and misleading statements that inflated the price of WM notes, and the Pension Plans'

claims arise from the same course of conduct. *See generally* Compl.; Movants' Mem. There is no indication that the Pension Plans have a conflict of interest with the proposed class members or has selected counsel that cannot capably represent the proposed class. Therefore, the Pension Plans are the presumptive lead plaintiff. Accordingly, the Court appoints the Pension Plans as lead plaintiff.

### B. Appointment of Lead Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Pension Plans have selected Robbins Geller to serve as lead counsel. Movants' Mem. at 5. Robbins Geller has significant experience in securities litigation as lead plaintiff's counsel. *See, e.g.*, *In re Am. Realty Cap. Props., Inc. Litig.*, No. 15 Misc. 40, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, 643 F. Supp. 2d 1107 (D. Minn. 2009). Accordingly, Robbins Geller is appointed lead counsel.

## II. CONCLUSION

For the reasons stated above, the Pension Plans are appointed as lead plaintiff, and Robbins Geller is appointed lead counsel.

Lead Counsel shall have the following responsibilities and duties on behalf of the lead plaintiff and the putative class: (a) preparing and filing pleadings; (b) briefing and arguing motions; (c) conducting discovery proceedings and depositions; (d) settlement negotiations with counsel for Defendants; (e) pretrial proceedings and the trial of this matter; and (f) the supervision

of all other matters concerning the prosecution or resolution of this action.

The Clerk of Court is respectfully directed to amend the caption to read "In re Waste Management Securities Litigation" and to close the motion at Dkt. No. 13.

SO ORDERED.

Dated: November 30, 2022
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**