**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re WASTE MANAGEMENT SECURITIES LITIGATION | Case No. 1:22-cv-04838-LGS |

### DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendants Waste Management, Inc. ("Waste Management" or "WM"), James C. Fish, Jr., Devina A. Rankin, and John J. Morris ("Individual Defendants," and together with Waste Management, "Defendants") submit this Answer to Lead Plaintiffs Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan (together, "Lead Plaintiffs") Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), Dkt. 40.[1] Except as expressly admitted, Defendants deny each and every allegation in the Complaint.

1. Defendants deny the allegations in paragraph 1, except admit that Lead Plaintiffs purport to bring this action as a class action under the Securities Exchange Act and that Waste Management issued the following notes in May 2019: (i) 2.95% Senior Notes due 2024; (ii) 3.20% Senior Notes due 2026l (iii) 3.45% Senior Notes due 2029; and (iv) 4.00% Senior Notes due 2039 (together, the "Notes").

2. Defendants deny the allegations in paragraph 2, except admit that Lead Plaintiffs purport to bring this action on behalf of Notes investors and that Waste Management was required to redeem the Notes at a fixed price if it did not complete its acquisition of Advanced Disposal Services, Inc. ("Advanced Disposal" or "ADS") acquisition by a specified date.

---

[1] Named defendant Leslie K. Nagy has been dismissed. Dkt. 58.

3.      Defendants deny the allegations in paragraph 3, except admit that (i) WM issued the Notes in May 2019 to finance its acquisition of ADS, (ii) the Notes included a special mandatory redemption feature requiring WM to redeem the Notes at 101% of par if the acquisition was not completed by July 14, 2020, (iii) the merger agreement specified that WM was entitled to control the strategy for obtaining DOJ approval and had the authority to agree to divestments from the combined companies of assets contributing up to $200 million in annual revenues (the "Antitrust Revenue Threshold"), and (iv) paragraph 3 selectively quotes portions of the civil antitrust complaint captioned, *United States of America v. Waste Management, Inc., et al.*, No:1-20-cv-03063 (D.D.C. Oct. 23, 2020), and Defendants respectfully refer the Court to that document for its complete and accurate content.

4.      Defendants deny the allegations in paragraph 4, except admit that, if divestures in excess of the Antitrust Revenue Threshold were required, Waste Management could terminate its acquisition of Advanced Disposal by paying the $60 million termination fee.

5.      Defendants deny the allegations in paragraph 5, except admit that paragraph 5 selectively quotes portions of Advanced Disposal's June 24, 2020 Proxy Statement (the "ADS Proxy") and respectfully refer the Court to that document for its complete and accurate content.

6.      Defendants deny the allegations in paragraph 6, except admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of Advanced Disposal and respectfully refer the Court to that document for its complete and accurate content.

7.      Defendants deny the allegations in paragraph 7, except admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of Advanced Disposal and respectfully refer the Court to that document for its complete and accurate content.

8.      Defendants deny the allegations in paragraph 8, except admit that on the February 13, 2020 earnings call, Mr. Fish stated, "We anticipate that we will obtain antitrust regulatory approval by the end of March [2020] and close [the Advanced Disposal transaction] soon thereafter," and Mr. Morris stated, "[w]e're on a trajectory, we think, to get clearance from DOJ right towards the end of the quarter. And obviously, we're going to move to close quickly after that."

9.      Defendants deny the allegations in paragraph 9, except admit that WM and Advanced Disposal issued a joint press release on March 18, 2020 that stated, "This Form 8-K is being filed to update our prior timing expectations. As a result of, and subject to any further effects from, the COVID-19 (coronavirus) outbreak, and subject to obtaining final regulatory approval from the DOJ (which the Company currently anticipates receiving in the second quarter of 2020), the Company now anticipates closing the Merger mid to late second quarter 2020," and Defendants respectfully refer the Court to the press release for its complete and accurate content.

10.      Defendants deny the allegations in paragraph 10, except admit that WM's May 6, 2020 Form 10-Q states, "Despite the general business disruption caused by COVID-19, we continue to make progress and currently anticipate being in a position to receive final antitrust regulatory approval and proceed toward closing by the end of the second quarter of 2020," and that Mr. Fish stated on WM's May 6, 2020 earnings call, "Well, no, I just said we anticipate being in a position to close by the end of the second quarter," and Defendants respectfully refer the Court to those documents for their complete and accurate content.

11.      Defendants deny the allegations in paragraph 11, except admit that the ADS Proxy accurately states that "On May 13, 2020, Mr. Burke received a call from Mr. Fish, who stated that, in light of the impact of COVID-19 (coronavirus) on the solid waste industry generally and on

117528200                                          3

Advanced Disposal DOJ indicated it was not likely to approve the merger prior to the July 13 end date without divestitures in excess of the Antitrust Revenue Threshold, after a series of general discussions with the board of directors of Waste Management, Waste Management proposed a reduction in the original merger consideration to $28.00 per share in cash (which we refer to as the 'May 13 proposal')," and that Ms. Rankin stated at the Stifel 2020 Cross Sector Insight Conference on June 10, 2020, "And basically what I would say is reminding everyone that what we've mentioned before is the Waste Management team worked closely with the DOJ to continue to move the transaction forward and the statements that we made about expected timing is the best that I have at that time," and Defendants respectfully refer the Court to those documents for their complete and accurate content.

12.     Defendants deny the allegations in paragraph 12, except admit that Waste Management and Advanced Disposal's June 24, 2020 joint press release states, "As a result of the updated transaction timing, Waste Management expects that its outstanding senior notes issued in May 2019 with a special mandatory redemption feature will be redeemed pursuant to their terms," and "Waste Management and Advanced Disposal also announced today that they have entered into an agreement for GFL Environmental to acquire a combination of Advanced Disposal and Waste Management assets for $835 million, representing approximately $345 million in total revenue based on 2019 results. Approximately $300 million of the total revenue is related to assets and businesses being sold to GFL Environmental to address substantially all of the divestitures expected to be required by the U.S. Department of Justice," and respectfully refer the Court to that document for its complete and accurate content.

13.     Defendants deny the allegations in paragraph 13, except (i) admit that the Notes were assigned investment grade ratings and traded as high as 121 cents on the dollar, (ii) admit

117528200                                          4

that paragraph 13 selectively quotes Waste Management and Advanced Disposal's June 24, 2020 joint press release and respectfully refer the Court to that document for its complete and accurate content, and (iii) admit that the Notes were redeemed at 101% of par on July 20, 2020.

14. Defendants deny the allegations in paragraph 14, except admit that paragraph 14 selectively quotes portions of the Credit Roundtable's June 29, 2020 letter and respectfully refer the Court to that document letter for its complete and accurate content.

15. Defendants admit that Advanced Disposal filed the ADS Proxy with the SEC on July 24, 2020, and that Lead Plaintiffs submitted excerpts of the ADS Proxy with their Complaint. Defendants respectfully refer the Court to the ADS Proxy for its complete and accurate content.

16. Defendants deny the allegation in paragraph 16.

17. Defendants deny the allegations in paragraph 17, except admit that the Court has subject matter jurisdiction over this action.

18. Defendants admit that venue is proper in this district.

19. Defendants deny that Lead Plaintiffs suffered any damages and otherwise lack knowledge or information sufficient to form a belief as to the truth of Lead Plaintiffs' allegations in paragraph 19 and accordingly deny them on that basis.

20. Defendants admit the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22.

23. Defendants admit the allegations in paragraph 23.

24. Defendants admit the allegations in paragraph 24.

25. Defendants admit that the Complaint refers to Mr. Fish, Ms. Rankin, Mr. Morris, and Ms. Nagy as the" Individual Defendants" and otherwise deny the allegations in paragraph 25.

26.     Defendants admit the allegations in paragraph 26.

27.     Defendants admit that WM's acquisition of ADS was conditioned upon obtaining antitrust clearance from the DOJ.

28.     Defendants deny the allegations in paragraph 28, except admit that paragraph 28, selectively quotes a portion of a civil antitrust complaint captioned, *United States of America, et al. v. Waste Management, Inc., et al.*, No. 1:20-cv-03063 (D.D.C. Oct. 23, 2020) (the "DOJ Complaint"), and respectfully refer the Court to that document for its complete and accurate contents.

29.     Defendants deny the allegations in paragraph 29, except admit that the Merger Agreement entitled Waste Management to control the strategy for obtaining DOJ approval of the transaction and required Waste Management to agree to divestments from the combined companies up to the Antitrust Revenue Threshold to obtain antitrust approval.

30.     Defendants admit that paragraph 30 quotes the ADS Proxy and respectfully refer the Court to that document for its complete and accurate content.

31.     Defendants deny the allegations in paragraph 31 of the Complaint, except admit that Waste Management had the right to terminate the ADS transaction if the DOJ required divestment of assets in excess of the Antitrust Revenue Threshold.

32.     Defendants admit that, on May 14, 2019, Waste Management issued $4 billion of debt in five series of senior notes in a public offering, all of which received an investment grade rating.

33.     Defendants admit (i) that on May 14, 2019, Waste Management issued senior notes due 2024, 2026, 2029, 2039, and 2049 with an aggregate principal amount of $4 billion; (ii) that the senior notes due 2024, 2026, 2029, and 2039 with an aggregate principal amount of $3.0 billion

included a special mandatory redemption feature, providing that if the acquisition of Advanced Disposal was not completed on or prior to July 14, 2020, Waste Management would be required to redeem the outstanding notes for 101% of the aggregate principal amount of those notes plus accrued and unpaid interest; (iii) that the senior notes due 2049 were not subject to the special mandatory redemption feature; and (iv) that paragraph 33 quotes portions of Waste Management's May 6, 2020 Form 10-Q. Defendants respectfully refer the Court to that document for its complete and accurate content.

34.     Defendants admit the allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35, except admit that the Notes prospectus states, "We currently anticipate the Merger will close by the first quarter of 2020," and refer the Court to that document for its complete and accurate content.

36.     Defendants admit the allegations in paragraph 36.

37.     Defendants admit the allegations in paragraph 37.

38.     Defendants admit the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39, except (i) admit that paragraph 39 selectively quotes the ADS Proxy, (ii) admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of ADS, and (iii) respectfully refer the Court to that document for its complete and accurate content.

40.     Defendants admit the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41, except (i) admit that paragraph 41 selectively quotes the ADS Proxy, (ii) admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of ADS, and (iii) respectfully refer the Court to that document for its complete and accurate content.

117528200

42.     Defendants deny the allegations in paragraph 42, except (i) admit that paragraph 42 selectively quotes the ADS Proxy, (ii) admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of ADS, and (iii) respectfully refer the Court to that document for its complete and accurate content.

43.     Defendants deny the allegations in paragraph 43, except (i) admit that paragraph 43 selectively quotes the ADS Proxy, (ii) admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of ADS, and (iii) respectfully refer the Court to that document for its complete and accurate content.

44.     Defendants deny the allegations in paragraph 44, except (i) admit that paragraph 44 selectively quotes the ADS Proxy, (ii) admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of ADS, and (iii) respectfully refer the Court to that document for its complete and accurate content.

45.     Defendants deny the allegations in paragraph 45, except (i) admit that paragraph 45 selectively quotes the ADS Proxy, (ii) admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of ADS, and (iii) respectfully refer the Court to that document for its complete and accurate content.

46.     Defendants deny the allegations in paragraph 46, except (i) admit that paragraph 46 selectively quotes the ADS Proxy, (ii) admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of ADS, and (iii) respectfully refer the Court to that document for its complete and accurate content.

47.     Defendants deny the allegations in paragraph 47, except (i) admit that paragraph 47 selectively quotes the ADS Proxy, (ii) admit that the ADS Proxy accurately describes the

background to Waste Management's acquisition of ADS, and (iii) respectfully refer the Court to that document for its complete and accurate content.

48.     Defendants deny the allegations in paragraph 48, except (i) admit that paragraph 48 selectively quotes the ADS Proxy, (ii) admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of ADS, and (iii) respectfully refer the Court to that document for its complete and accurate content.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants admit the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51, except admit that Waste Management's February 13, 2020 Form 10-K states, "On April 14, 2019, we entered into an Agreement and Plan of Merger (the 'Merger Agreement') to acquire all outstanding shares of Advanced Disposal for $33.15 per share in cash, representing a total enterprise value of $4.9 billion when including approximately $1.9 billion of Advanced Disposal's net debt. Advanced Disposal's solid waste network includes 95 collection operations, 73 transfer stations, 41 owned or operated landfills and 22 owned or operated recycling facilities. On June 28, 2019, Advanced Disposal announced that 85.9% of the outstanding shares of its common stock entitled to vote were voted in favor of the proposal to adopt the Merger Agreement at a special meeting of stockholders held that day. We anticipate that we will obtain antitrust regulatory approval by the end of March 2020 and close the Advanced Disposal transaction soon thereafter," and respectfully refer the Court to that document for its complete and accurate content.

52.     Defendants admit that paragraph 52 selectively quotes a portion of Waste Management's February 13, 2020 Form 10-K and respectfully refer the Court to that document for its complete and accurate content.

53.     Defendants deny the allegations in paragraph 53.

54. Defendants admit that paragraph 54 selectively quotes a portion of Waste Management's February 13, 2020 Form 10-K and respectfully refer the Court to that document for its complete and accurate content.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56 except admit that paragraph 56 selectively quotes Waste Management's 2019 February 13, 2020 Form 10-K and respectfully refer the Court to the document for its complete and accurate content.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58, except admit Waste Management held its Q4 2019 earnings call on February 13, 2020 and respectfully refer the Court to the transcript of that call for the call's complete and accurate content.

59. Defendants admit the allegations in paragraph 59.

60. Defendants admit the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants admit that Waste Management filed a current report on Form 8-K on March 18, 2020 and respectfully refer the Court to that document for its complete and accurate content.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66, except admit that the price of the 3.45% Notes went from 104% on March 17, 2020, to 98% on March 18, 2020.

67.    Defendants admit that, on May 6, 2020, Waste Management filed its first quarter 2020 quarterly report on Form 10-Q, which Mr. Fish and Ms. Rankin certified.

68.    Defendants deny the allegations in paragraph 68, except admit that paragraph 68 quotes Waste Management's May 6, 2020 Form 10-Q and respectfully refer the Court to that document for its complete and accurate content.

69.    Defendants deny the allegations in paragraph 69.

70.    Defendants admit that paragraph 70 selectively quotes May 6, 2020 Form 10-Q and respectfully refer the Court to that document for its complete and accurate content.

71.    Defendants deny the allegations in paragraph 71.

72.    Defendants admit that Waste Management held an earnings call with investors on May 6, 2020 and respectfully refer the Court to the transcript of that call for its complete and accurate content.

73.    Defendants deny the allegations in paragraph 73.

74.    Defendants deny the allegations in paragraph 74, except lack knowledge or information sufficient to respond to the allegations concerning industry analysts' reports.

75.    Defendants deny the allegations in paragraph 75, except (i) admit that Waste Management presented an Investor Presentation on May 20, 2020, (ii) admit that paragraph 75 selectively quotes Waste Management's May 20, 2020 Investor Presentation, and (iii) respectfully refer the Court to that document for its complete and accurate content.

76.    Defendants deny the allegations in paragraph 76, except (i) admit that Ms. Rankin presented at the Stifel 2020 Cross Sector Insight Conference, (ii) admit that paragraph 76 selectively quotes from the transcript of that conference, and (iii) respectfully refer the Court to that transcript for its complete and accurate content.

77.     Defendants deny the allegations in paragraph 77, except (i) admit that Ms. Rankin presented at the Stifel 2020 Cross Sector Insight Conference, (ii) admit that paragraph 77 selectively quotes from the transcript of that conference, and (iii) respectfully refer the Court to that transcript for its complete and accurate content.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79, except (i) admit that Waste Management and Advanced Disposal issued a joint press release on June 24, 2020, (ii) admit that paragraph 79 selectively quotes the June 24, 2020 press release, and (iii) respectfully refer the Court to that document for its complete and accurate content.

80.     Defendants admit the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81, except (i) admit that Waste Management filed a current report on Form 8-K on June 24, 2020, (ii) admit that paragraph 81 selectively quotes Waste Management's June 24, 2020 Form 8-K, and (iii) respectfully refer the Court to that document for its complete and accurate content.

82.     Defendants deny the allegations in paragraph 82, except (i) admit that Waste Management and Advanced Disposal issued a joint press release on June 24, 2020, (ii) admit that paragraph 82 selectively quotes that June 24, 2020 joint press release, and (iii) respectfully refer the Court to that document for its complete and accurate content.

83.     Defendants deny the allegations in paragraph 83, except (i) admit that Waste Management and Advanced Disposal issued a joint press release on June 24, 2020, (ii) admit that paragraph 83 selectively quotes that June 24, 2020 joint press release, and (iii) respectfully refer the Court to that document for its complete and accurate content.

84. Defendants deny the allegations in paragraph 84, except admit that the price of the Notes closed at approximately 103 cents on the dollar on June 24, 2020.

85. Defendants deny the allegations in paragraph 85, except (i) admit that the Credit Roundtable published a letter to Waste Management on June 29, 2020, (ii) admit that paragraph 85 selectively quotes the Credit Roundtable's June 29, 2020 letter, and (iii) respectfully refer the Court to that document for its complete and accurate content.

86. Defendants deny the allegations in paragraph 86, except (i) admit that the Credit Roundtable published a letter to Waste Management on June 29, 2020, (ii) admit that paragraph 86 selectively quotes the Credit Roundtable's June 29, 2020 letter, and (iii) respectfully refer the Court to that document for its complete and accurate content.

87. Defendants deny the allegations in paragraph 87, except (i) admit that, on July 8, 2020, *Bloomberg* published an article entitled "Waste Management to Redeem $3 Billion of Debt in Blow to Holders," (ii) admit that paragraph 87 selectively quotes *Bloomberg*'s July 8, 2020 article, and (iii) respectfully refer the Court to that document for its complete and accurate content.

88. Defendants deny the allegations in paragraph 88.

89. Defendants admit the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90, except (i) admit that, on October 23, 2020, the DOJ and five state Attorneys General filed the DOJ Complaint and the DOJ filed a proposed settlement (the "Proposed Settlement"), (ii) admit that paragraph 90 selectively quotes the DOJ Complaint and the Proposed Settlement, and (iii) respectfully refer the Court to the DOJ Complaint and the Proposed Settlement for their complete and accurate content.

91. Defendants deny the allegation in paragraph 91.

92. Defendants deny the allegation in paragraph 92.

93.    Defendants deny the allegations in paragraph 93, except admit that the ADS Proxy accurately describes the background to Waste Management's acquisition of Advanced Disposal and respectfully refer the Court to the ADS Proxy for its complete and accurate content.

94.    Defendants deny the allegation in paragraph 94.

95.    Defendants deny the allegation in paragraph 95, except admit that, on June 24, 2020, Waste Management announced an agreement for the sale of certain assets to GFL and respectfully refer the Court to the June 24, 2020 announcement for its complete and accurate content.

96.    Defendants deny the allegations in paragraph 96, except (i) admit that Waste Management and GFL held a call with investors on June 25, 2020, (ii) admit that paragraph 96 selectively quotes the transcript from the June 25, 2020 call, and (iii) respectfully refer the Court to that transcript for its complete and accurate contents.

97.    Defendants deny the allegations in paragraph 97.

98.    Defendants deny the allegations in paragraph 98.

99.    Defendants deny the allegations in paragraph 99, except (i) admit that certain Waste Management officers sold Waste Management stock between February 13, 2020 and March 4, 2020, (ii) deny that paragraph 99 accurately reflects the amounts of those sales, and (iii) aver that the amounts those sales are accurately reflected in public reports filed with the SEC on Form 4.

100.    Defendants deny the allegations in paragraph 100, except (i) admit that paragraph 100 selectively quotes Waste Management's February 13, 2020 Form 10-K and (ii) respectfully refer the Court to that document for its complete and accurate content.

101.    Defendants deny the allegations in paragraph 101.

102.    To the extent paragraph 102 calls for a response, Defendants deny the allegations in paragraph 102.

103.    Defendants respectfully refer the Court to Item 303(a) of Regulation S-K, 17 C.F.R. § 229.303(a), for its complete and accurate content.

104.    Defendants respectfully refer the Court to Regulation S-K, 17 C.F.R. § 229, for its complete and accurate content.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants deny the allegations in paragraph 106.

107.    To the extent paragraph 107 calls for a response, Defendants deny the allegations in paragraph 107.

108.    Defendants deny the allegations in paragraph 108.

109.    Defendants deny the allegations in paragraph 109, except admit that the Notes traded above 120% at some points during the alleged Class Period.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants deny the allegations in paragraph 113, except admit that (i) Waste Management issued $3 billion of Senior Notes through a public offering conducted, (ii) Waste Management filed periodic public reports with the SEC, (iii) Waste Management communicated with investors through press releases, and (iv) certain securities analysts followed Waste Management during the alleged Class Period.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115.

116.  Defendants deny the allegations in paragraph 116.

117.  Defendants deny the allegations in paragraph 117, except admit that Lead Plaintiffs purport to bring this action as a class action pursuant to Rules 23(a) and (b) and that paragraph 117 purports to describe Lead Plaintiffs' alleged class.

118.  Defendants deny the allegations in paragraph 118.

119.  Defendants deny the allegations in paragraph 119.

120.  Defendants deny the allegations in paragraph 120.

121.  Defendants deny the allegations in paragraph 121.

122.  Defendants deny the allegations in paragraph 122.

123.  Defendants deny the allegations in paragraph 123.

124.  Defendants deny the allegations in paragraph 124.

125.  Defendants reassert every preceding answer in the foregoing paragraphs as if fully set forth herein.

126.  Defendants deny the allegations in paragraph 126.

127.  Defendants deny the allegations in paragraph 127.

128.  Defendants deny the allegations in paragraph 128.

129.  Defendants deny the allegations in paragraph 129.

130.  Defendants deny the allegations in paragraph 130.

131.  Defendants deny the allegations in paragraph 131.

132.  Defendants deny the allegations in paragraph 132.

133.  Defendants reassert every preceding answer in the foregoing paragraphs as if fully set forth herein.

134.  Defendants deny the allegations in paragraph 134.

135.    Paragraph 135 states a legal conclusion to which no response is required and on that basis deny the allegations in paragraph 135.

136.    Defendants deny the allegations in paragraph 136.

To the extent that a response to Lead Plaintiffs' "Prayer for Relief" is required, Defendants deny all factual allegations in the unnumbered paragraph on pages 45 and 46 of the CAC.

## GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to any and all allegations not clearly and specifically admitted above.

## ADDITIONAL DEFENSES

Without undertaking any burden of proof not otherwise assigned to it by law or equity, Defendants assert the following affirmative and additional defenses to the claims asserted in the Complaint.  Defendants reserve the right to raise any additional defenses not asserted here of which they may become aware through discovery or other investigation.

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    The Complaint fails to allege fraud with the requisite particularity.

3.    The challenged statements are inactionable statements of opinion, belief, and/or puffery.

4.    Every act or omission alleged in the Complaint was in good faith and in conformity with state and federal securities laws and the rules and regulations promulgated by the Securities and Exchange Commission and other appropriate authorities.

5.    The challenged statements or omissions are inactionable opinions made with genuine belief, with the basis that a reasonable investor would expect, and with true supporting facts. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015).

6.    Defendants are not liable to Lead Plaintiffs or members of the purported class because any alleged misstatements by Defendants contained sufficient cautionary language and risk disclosure.

7.    Any alleged untrue statement of material fact, omissions of material fact, misleading statements, or other challenged statements made by Defendants are forward-looking statements that fall within the "Safe Harbor" provisions of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (Dec. 22, 1995), codified in relevant part at 15 U.S.C. § 78u-4 et seq.

8.    Defendants at all times acted in good faith, without recklessness, without any intent to deceive, manipulate, or defraud Lead Plaintiff, members of the purported class, or any other persons, without knowledge of or reckless disregard of any fraudulent scheme, and with a reasonable and good faith belief in the accuracy and completeness of all representations and statements.

9.    Defendants are not liable to Lead Plaintiffs or members of the purported class to the extent that the alleged misstatements and omissions were not made in connection with the purchase or sale of the Notes by Lead Plaintiffs or members of the purported class.

10.    The alleged misrepresentations and omissions did not actually affect the Notes' prices, and the alleged corrective disclosures do not demonstrate any such price impact.

11.    The claims of Lead Plaintiffs and members of the purported class are barred, in whole or in part, because the Complaint fails to demonstrate that any alleged act or omission of Defendants caused the loss for which Lead Plaintiffs and members of the purported class seek to recover damages (loss causation), as required by 15 U.S.C. § 78u-4(b)(4).

12.     Lead Plaintiffs' claims are barred by the applicable statutes or limitations or repose or are otherwise untimely.

13.     With regard to claims arising under Section 20(a) of the Exchange Act and regulations promulgated thereunder, the claims are barred because Lead Plaintiffs cannot establish the primary liability necessary to assert a claim for control person liability.

14.     Defendants alleged to be control persons under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly culpably participate in any underlying violation.

15.     In the event that a final judgment is rendered against any of the Defendants, each shall be liable solely for the portion of the judgment that corresponds to the percentage of its, his, or her responsibility because it, he, or she did not knowingly commit a violation of the federal securities laws.

16.     In the event Lead Plaintiffs recover damages, such damages shall be limited only to those losses caused by the alleged misstatements or omissions as opposed to other factors and/or market conditions. *See* 15 U.S.C. § 78u-4(e).

17.     Lead Plaintiffs and some or all members of the purported class cannot claim damages to the extent that they sold their securities at prices higher than the prices at which they purchased or acquired those securities.

18.     Defendants give notice that they may rely upon other applicable defenses of which they may become aware during discovery in this case and reserve the right to amend this answer to assert any such defenses.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants respectfully request a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment that Plaintiff take nothing in this suit; that Plaintiff's claims be dismissed with prejudice; that all relief prayed for by Plaintiff be denied; that final judgment be entered in favor of Defendants; and that Defendants shall recover such other and further relief, both legal and equitable, to which they are entitled.

Dated:  May 10, 2024

Respectfully submitted,

BAKER BOTTS L.L.P.

By*:  /s/ David D. Sterling*
    David D. Sterling
    Amy Pharr Hefley
    910 Louisiana Street
    Houston, Texas 77002
    Tel:  (713) 229-1946
    Fax: (713) 229-7946
    david.sterling@bakerbotts.com
    amy.hefley@bakerbotts.com

    James J. Beha II
    30 Rockefeller Plaza
    New York, New York 10112
    Tel:  (212) 408-2510
    Fax: (212) 259-2510
    jim.beha@bakerbotts.com

**ATTORNEYS FOR DEFENDANTS**