**UNITED   STATES   DISTRICT   COURT**
**SOUTHERN   DISTRICT   OF   NEW   YORK**

| | |
|---|---|
| In re WASTE MANAGEMENT SECURITIES LITIGATION | Case No. 1:22-cv-04838-LGS |

## CONFIDENTIALITY AGREEMENT AND
## [PROPOSED] STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and [Proposed] Stipulated Protective Order ("Order") is entered into by and among defendants Waste Management, Inc. ("Waste Management" or "WM"), James C. Fish, Jr., Devina A. Rankin, and John J. Morris ("Individual Defendants," and together with Waste Management, "Defendants") and lead plaintiffs Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan (together, "Lead Plaintiffs," and with Defendants, the "Parties"); and any other persons or entities who may become bound by this Order by signifying their assent through execution of the Declaration attached as Exhibit A to this Order ("Declaration"), for the purpose of expediting production of documents, testimony, and other information ("Production") in this action ("Action"). The Parties anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during discovery in this Action and request that the Court enter the Order setting forth the conditions for treating, obtaining, and using such information. Accordingly, the Parties agree:

1.      The Parties shall submit this Order to the Court for approval.

2.      The provisions of this Order shall become effective upon entry by the Court; however, all Discovery Material, as defined below, produced and designated as "Confidential"

1

before the Court enters this Order shall be subject to this Order as though it had been entered by the Court at that time.

3.    All deadlines in this Order shall be computed according to Rule 6 of the Federal Rules of Civil Procedure.

## SCOPE OF ORDER

4.    Discovery Material: This Order applies to all items, information, documents, and things exchanged in discovery in the Action, including, but not limited to, documents, information, data, electronically stored information, responses to interrogatories, responses to requests for admissions, testimony, and transcripts, and any copy, abstract, digest, note, summary, and excerpt of anything exchanged in discovery, regardless of the medium or manner in which it is generated, stored, maintained, or produced ("Discovery Material").

## DESIGNATING DISCOVERY MATERIAL

5.    Generally: Any Party or Non-party ("Designating Party") producing, disclosing, or otherwise exchanging Discovery Material (a "Producing Party") may designate such Discovery Material as "Confidential Material" ("Designated Material,") if the Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by that person) that the Discovery Material constitutes or includes information that is not generally available to the public, and that contains (i) confidential, proprietary, trade secret, and/or current commercially sensitive information; (ii) any individual's personal information, including social security numbers, bank account numbers, tax returns, and medical, credit, and banking information; (iii) information related to the Producing Party's contractual relationships; (iv) information that is subject by law or by contract to a legally protected right of privacy; (v) information that the Producing Party is under a preexisting obligation to a third-party to treat as

2

confidential; or (vi) information that the Producing Party has in good faith been requested by another person to so designate on the grounds that the other person considers the material to contain confidential or proprietary information; or information that is of such a nature that disclosure to persons other than those listed in Paragraph 9 would create a substantial risk of economic injury.

6.    Manner of Designation: Confidential Material may be designated by marking each page of the Confidential Information as "Confidential." The markings should not obscure the content of the Discovery Material. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" by marking the slip sheet associated with the natively produced Discovery Material as "Confidential." Information disclosed through testimony at a deposition taken in connection with the Action may be designated as Confidential Material either by stating on the record at the deposition that the information disclosed shall be designated as Confidential Information or by designating the confidential portions of the transcript in a writing to the court reporter and opposing counsel. Confidential designations of transcripts will apply also to any audio, video, or other recordings of the testimony.

7.    Inadvertent Failure to Designate: A Party's failure to designate any Discovery Material as "Confidential" shall not be deemed a waiver of that Party's later claim that such Discovery Material should be treated as Confidential Material pursuant to this Order ("Mis-designated Material"). Upon the Producing Party's identification of such Mis-designated Material to the persons who receive such material ("Receiving Party"), arrangement will be made for the immediate return or destruction of the Mis-designated Material or for the return to the Producing Party of all copies of the Mis-designated Material and for the prompt substitution (within five

3

business days) of properly designated copies of such Discovery Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has returned or destroyed such Mis-designated Material.

**USE AND DISCLOSURE OF DISCOVERY MATERIAL**

8.     General Limitations on Use and Disclosure of Discovery Material: All Discovery Material, whether or not designated as Confidential Material shall be used by the Receiving Parties solely for the purpose of prosecuting or defending this Action and shall not be used for any other purpose, either directly or indirectly, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

9.     Persons Who May Have Access to Confidential Material: Any Confidential Material, and any and all information contained therein, may be given, shown, made available, or communicated only to the following:

      a.     the Parties;

      b.     current officers, directors, trustees, administrators, and employees of the Parties to whom disclosure is reasonably necessary for the purpose of prosecuting or defending this Action;

      c.     the Parties' in-house and outside legal counsel and staff working under the direction of counsel in connection with this Action;

      d.     outside experts and consultants (and their respective staff) in connection with the prosecution or defense of this Action, who have signed the Declaration;

      e.     any person who is the author, addressee, or recipient of the document, or in the case of meeting minutes, an attendee of the meeting, or any other person who has previously had access to or reviewed the material;

      f.     trial witnesses during the course of their trial testimony;

      g.     deposition witnesses during the course of their deposition testimony;

      h.     for purposes of witness preparation, any anticipated deponent or witness,

in preparation for his or her deposition, hearing, or trial testimony, provided that the persons identified in this paragraph will not be permitted to retain copies of such Confidential Material and shall be required to sign the Declaration;

i.    other than persons who satisfy subparagraph (e) above, any witnesses or potential witnesses for the purpose of prosecuting or defending this Action, who have signed the Declaration;

j.    outside photocopying, graphic production services, or litigation support services (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with the Action and who have signed the Declaration;

k.    mediators, arbitrators, or discovery masters (and their respective staff) retained by the Parties or assigned by this Court;

l.    court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

m.    the Court and its employees in any judicial proceeding that may result from this Action;

n.    any liability insurance companies from which any Defendant has sought or may seek insurance coverage to provide or reimburse for the defense of this Action or related matters and/or to satisfy any part of any liability in this Action or related matters; and

o.    any other person or entity to whom the Producing Party agrees, in writing, to allow access, and who have signed the Declaration.

10.    <u>Confidential Material to Be Disclosed Only in Accordance with Paragraph 9</u>: Except as otherwise expressly provided in this Order, Confidential Material and the substantive information contained therein shall not be given, shown, made available to, disclosed, or communicated in any way except to those people set forth in Paragraph 9 of this Order.

11.    <u>Non-Party Productions</u>: The Parties agree that any non-Party participating in discovery in this Action may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by this Order and designating that its provision of discovery is subject to the Order. The Requesting Party shall advise non-Parties from whom they seek discovery of the existence of this Order and their right to obtain its protections. To the extent that any non-Party produces Discovery Material in this Action that contains Confidential Discovery

Material of a Party to this Action, that non-Party may designate such Discovery Material as "Confidential" for purposes of this Order by delivering written notice of the designation to the Parties.

12.	Non-Waiver of Rights: Nothing contained in this Order shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including, but not limited to, any objection concerning the confidential or proprietary nature of any documents, information, or data produced by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

13.	Unauthorized Disclosure of Confidential Material: In the event of a disclosure by a Receiving Party of Confidential Material to persons or entities not authorized by this Order to receive such Confidential Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (i) promptly notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Order; (ii) promptly make reasonable efforts to recover the disclosed Confidential Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) promptly notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Material and ensure against further dissemination or use thereof. In the event of the above-described unauthorized disclosure by a Receiving Party who is not a Party to the Action, the Party recipients who provided the non-Party Receiving Party the Confidential Material shall, upon learning of the disclosure, immediately notify the Producing Party of the

unauthorized disclosure of Confidential Material.

14.    <u>Objecting to Designated Material</u>: If any Receiving Party (i) objects to the designation of any Designated Material or (ii) seeks to disclose Designated Material to a person not specified in Paragraph 9 because outside counsel for the Receiving Party has determined, in good faith, that such disclosure is necessary for the prosecution or defense of this Action, the Receiving Party shall first raise the objection (the "Objection") or request for disclosure (the "Request for Disclosure") with the Designating Party in writing (the "Notice") and confer in good faith to attempt to resolve the Objection or Request for Disclosure. In the case of a Request for Disclosure, the Receiving Party shall furnish to outside counsel for the Designating Party, in writing, the identity of the person to whom disclosure is to be made (the "Noticed Person") and the Designated Material proposed to be disclosed. No designation shall be changed, and no Designated Material shall be disclosed to the Noticed Person, until after the expiration of a five business day period commencing upon the date of the Notice. If, within five business days of the date of the Notice, the Designating Party objects in writing to the Objection or Request for Disclosure, the Designating Party and the Receiving Party shall then have three additional business days to reach an agreement regarding the Objection or Request for Disclosure. If agreement cannot be reached, the Receiving Party may apply to the Court for relief within five business days after the expiration of the above referenced three business day period. Until the Court rules on such issue or the Designating Party agrees in writing to withdraw the challenged designation or allow disclosure to the Noticed Person, the Designated Material shall continue to be treated as designated. Upon motion, the Court may order the removal of the "Confidential" designation from any Production Material so designated subject to the provisions of this Order. With respect to any material that ceases to be designated "Confidential," the Designating Party

shall bear the expense of providing to each Party to whom the material has been provided additional copies of such material with the challenged confidentiality designations removed.

15.    Timing of Objections to Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not waive or preclude any subsequent challenge thereto.

16.    Inadvertent Production of Privileged Discovery Material: If a Producing Party inadvertently produces documents or material that is subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work product doctrine, common interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege ("Protected Materials"), such inadvertent production shall not constitute a waiver of any claim of privilege or other protection from disclosure. If a Producing Party discovers that it has inadvertently produced Protected Materials, it shall promptly notify the Receiving Party. If a Producing Party promptly notifies the Receiving Party upon discovery of any inadvertent production of Protected Material, the Receiving Party shall not argue that Producing Party failed to take reasonable efforts to prevent the inadvertent production or that inadvertent production constitutes a waiver of privilege or protection from disclosure. If a Receiving Party discovers that it has received Protected Materials, it shall promptly notify the Producing Party. Upon either discovery that it has received Protected Materials or notice from a Producing Party of the inadvertent production of Protected Materials, the Parties shall follow the provisions set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. For the avoidance of doubt, nothing in this paragraph shall increase or diminish the rights of a Party or non-party to contest, or change the manner in which such Party or non-party may contest, any privilege claim to the extent and in the manner permitted by law. Pursuant to Federal Rule of Evidence 502(d),

the provisions of this paragraph shall apply in this case, as well as in any other Federal or State proceeding.

17.    Confidential Material Filed with the Court: If any document to be filed with this Court contains "Confidential" information, the Party seeking to file that document under seal may do so only as provided in Rule I.D.3 of Judge Schofield's Individual Rules and Procedures for Civil Cases. Prior to filing any such submission, the parties agree to meet and confer, within two business days of the filing, to narrow the scope of the filing and to determine the best method to attempt to ensure that the Confidential Information remains sufficiently protected.

18.    Obligations Following Conclusion of Proceedings: The provisions of this Order shall survive the conclusion of the Action. Within sixty days of the later of (i) entry of a final order or judgment in this Action, or (ii) following any appeal of a final order and judgment, determination by the highest court to consider such appeal to affirm such final order and judgment, all Parties and non-Parties shall return to counsel for the respective Producing Party, or destroy, all Discovery Material, and all copies or notes thereof in the possession of any person, except that: (i) counsel may retain for its records its work product, a copy of court filings, deposition and trial transcripts, and correspondence, and (ii) a Receiving Party may retain Discovery Material that is auto-archived or otherwise backed up on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided, however, that such retained documents shall continue to be treated as provided in this Order. If a Receiving Party chooses to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Confidential Material remains confidential, the terms of this Order shall remain binding.

19.    Amendment of Stipulated Protective Order: This Order may be altered or

9

modified only by written agreement of all Parties to the Action and So Ordered by the Court.

20.    Request for Disclosure of Confidential Material in Other Proceedings: Any Receiving Party may disclose Confidential Material if such disclosure is pursuant to legal compulsion or required by a duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction to the extent such disclosure is required by a valid law, rule, regulation, or court order, and notice is given by the Receiving Party to the Producing Party of any such requirement (except in connection with any regulatory examination) within five business days of learning of any such requirement so that the Producing Party may seek a protective order or other appropriate remedy. Such notification shall include a copy of the subpoena or court order. The Receiving Party must promptly notify in writing the entity that caused the subpoena or order to issue in the other proceeding that some or all of the material covered by the subpoena or order is subject to this Order. If the Producing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Action as "Confidential" before a determination by the body from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Confidential Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction. In the event that such protective order or other remedy is not obtained, or the Producing Party waives compliance with the provisions of this Order, the Receiving Party shall furnish only that portion of the Confidential Material that, upon the advice of its counsel, is legally required and will exercise reasonable efforts to obtain assurances that confidential

treatment will be accorded that Confidential Material. Notwithstanding the foregoing, no Receiving Party shall be obligated to provide the Producing Party any notice of any anticipated disclosure if such notice is prohibited by law.

21.      Storage of Confidential Materials: All information that has been designated as "Confidential" by the Producing Party, and any and all reproductions of that information, must be retained in the custody of the counsel for the Producing Party, except that independent experts or consultants who execute the Declaration, are authorized to view such information under the terms described in paragraph 9 of this Order and may retain custody of the copies for the pendency of this Action such as are necessary for their participation in this litigation.

22.      Use of Confidential Materials by Producing Party: Nothing in this Order: (i) affects the right of any Producing Party to use or disclose its own Confidential Material in any way; or (ii) prevents the disclosure of Confidential Material by any Party with the express written consent of the Producing Party that designated the material as "Confidential."

23.      Prior Agreements: The Parties agree that the provisions and requirements set forth in this Order supersede all prior confidentiality agreements with respect to Discovery Material.

24.      Severability: To the extent any provision of this Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

25.      Enforcement: Once entered by the Court, the provisions of this Order constitute an Order of this Court, and violation of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to

enforce any obligations arising hereunder or to impose sanctions for any contempt or disregard of this Order.

26.    Authority: By signing below, the signatory represents that he or she has the authority to sign this Order on behalf of the Party indicated below and bind it to the terms of this Order.

27.    The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

Dated: May 24, 2024

**ROBBINS GELLER RUDMAN & DOWD LLP**

By: */s/ Noam Mandel*
   Chad Johnson
   Noam Mandel
   Desiree Cummings
   Jonathan Zweig
   Christopher T. Gilroy
   420 Lexington Avenue, Suite 1832
   New York, NY 10170
   Telephone: (212) 432-5100
   chadj@rgrdlaw.com
   noam@rgrdlaw.com
   dcummings@rgrdlaw.com
   jzweig@rgrdlaw.com
   cgilroy@rgrdlaw.com

*Counsel for Lead Plaintiffs*

**BAKER BOTTS L.L.P.**

By*: /s/ David D. Sterling*
   David D. Sterling
   Amy Pharr Hefley
   910 Louisiana Street
   Houston, Texas 77002
   Tel:  (713) 229-1946
   Fax: (713) 229-7946
   david.sterling@bakerbotts.com
   amy.hefley@bakerbotts.com

   James J. Beha II
   30 Rockefeller Plaza
   New York, New York 10112
   Tel:  (212) 408-2510
   Fax: (212) 259-2510
   jim.beha@bakerbotts.com

*Counsel for Defendants*

**SO ORDERED.**

Date: _____

   New York, New York

_____
HONORABLE LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**Exhibit A**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER**

I, _____, declare under

penalty of perjury that:

1.  My address is

    _____

2.  My present employer is

    _____

3.  My present occupation or job description is

    _____

4.  I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order relating to this Action, *In re Waste Management Securities Litigation*, Case No. 1:22-cv-04838-LGS, and agree to be bound by them. All capitalized terms have the meanings ascribed to them in the Order. I further certify that I will not use Confidential Material for any purpose other than this Action, and will not disclose or cause Confidential Material to be disclosed to anyone not expressly permitted by the Order to receive Confidential Material.

5.  I understand that I am to retain in confidence from all individuals not expressly permitted to receive Confidential Material, whether at home or at work, all copies of any Confidential Material, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Confidential Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.  I acknowledge and agree that I am aware that, by receiving Confidential Material,

13

(a) I may be receiving material non-public information about companies that issue securities and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      I understand that my failure to abide by the terms of the Order entered in the Action may subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

8.      I consent and stipulate to the jurisdiction of this Court with respect to the provisions of the Order.

Date:_____

Signature:

_____

Print Name and Title:

_____

_____

14