UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
: 
UNITED INDUSTRIAL WORKERS PENSION :
PLAN et al, :
                              Plaintiffs    :        22 Civ. 4838 (LGS)
:
            -against-                  :        ORDER
:
WASTE MANAGEMENT, INC et al, :
                            Defendants.  :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on June 14, 2024, Lead Plaintiffs filed a motion to seal their Memorandum of Law in Support of Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (the "Motion"), and the expert report of Professor Steven P. Feinstein because the documents refer to data designated as "Confidential" by third-party Financial Industry Regulatory Authority ("FINRA").

       WHEREAS, on August 16, 2024, Defendants filed a motion to seal their memorandum of law in opposition to the Motion and the expert report of Lucy P. Allen because the documents refer to redacted portions of Lead Plaintiffs' filings above.

       WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

monitoring the federal courts." *Id.* (internal quotation marks omitted).  The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted).  In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

WHEREAS, filings related to "motions for class certification are judicial documents because they are relevant to the judicial function." *See, e.g.*, *McKoy v. Trump Corp.*, No. 18 Civ. 9936, 2024 WL 449979, at *1 (S.D.N.Y. Feb. 6, 2024).  "[A] strong presumption of access attaches" because these are documents "used to determine litigants' substantive legal rights." *Lugosch*, 435 F.3d at 121.

WHEREAS, Lead Plaintiffs seek to seal or redact information (the "FINRA Data") based on its designation as "Confidential" by FINRA, a third party.  FINRA has filed a letter in support of Plaintiffs' motion, in substance stating that the FINRA Data is properly designated as "Confidential" under the parties' Confidentiality Agreement and Stipulated Protective Order.  Third parties' confidentiality designations and the terms of the protective order are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations.

WHEREAS, Defendants seek to seal or redact information because it refers to information Plaintiffs seek to seal or redact.  It is hereby

**ORDERED** that Lead Plaintiffs' and Defendants' motions to file under seal are **DENIED** without prejudice to renew.  It is further

**ORDERED** that by **September 4, 2024**, Lead Plaintiffs shall file any renewed motion to seal materials that Lead Plaintiffs (or FINRA) seek to maintain under seal. Lead Plaintiffs shall also file under seal unredacted versions of those documents, with the redacted portions highlighted. Lead Plaintiffs (or FINRA) shall support each request to redact or maintain information under seal with the basis for the request. To the extent a further explanation is required, counsel may file a letter with such further explanation or argument. It is further

**ORDERED** that by **September 11, 2024**, Defendants shall file any renewed motion to seal materials that Defendants seek to maintain under seal. Defendants shall also file under seal unredacted versions of those documents, with the redacted portions highlighted. Defendants shall support each request to redact or maintain information under seal with the basis for the request. To the extent a further explanation is required, counsel may file a letter with such further explanation or argument.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 70 and 79. The Clerk of Court is also respectfully directed to maintain all currently sealed documents under seal pending a possible renewed motion to seal by Lead Plaintiffs and Defendants.

Dated: August 20, 2024
    New York, New York

                                    **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**