# EXHIBIT 2

# THE "LESS THAN" EFFICIENT CAPITAL MARKETS HYPOTHESIS: REQUIRING MORE PROOF FROM PLAINTIFFS IN FRAUD-ON-THE-MARKET CASES

PAUL A. FERRILLO[†], FREDERICK C. DUNBAR, PH.D.[††] & DAVID TABAK, PH.D.[†††]

In 1988, the United States Supreme Court in *Basic Inc. v. Levinson*[1] created a "rebuttable" presumption of reliance[2] for all members of a class alleging misstatements or omissions of material fact in their purchase or sale of securities of an issuer.[3] This presumption allows a plaintiff, without any showing that he or she actually read or heard a misrepresentation, to assert, on a motion for class certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure, that common issues with respect to reliance predominate over any individual issues of reliance present among the proposed class members.[4] The presumption switches the burden to the defendant to "disprove actual reliance."[5] If the defendant is unable to make such a showing, the proposed class may be certified.[6]

The *Basic* Court founded its decision in reliance upon the fraud on the market theory, which is premised upon the efficient

---

[†] Paul Ferrillo is Of Counsel in the Business and Securities Litigation Department of Weil Gotshal & Manges, LLP in New York City.

[††] Senior Vice President, NERA Economic Consulting.

[†††] Vice President, NERA Economic Consulting.

[1] 485 U.S. 224 (1988).

[2] Reliance is one of the required elements of a claim under section 10(b) of the Securities and Exchange Act of 1934. 15 U.S.C. § 78j(b) (2003).

[3] *See Basic*, 485 U.S. at 245.

[4] *See id.* at 242.

[5] Lipton v. Documation, Inc., 734 F.2d 740, 746 (11th Cir. 1984) (stating that once a plaintiff alleges reliance on market prices when buying a securities, the defendant then has the burden of disproving any actual reliance) (citing Blackie v. Barack, 524 F.2d 891 (9th Cir. 1955)).

[6] *See Basic*, 485 U.S. at 250.

Considering that it is a securities class action and it is the plaintiffs' burden to show compliance with Rule 23(b)(3), how might—or as we argue, should—such a showing be made by the plaintiffs that they are entitled to rely on the fraud on the market theory's presumption of reliance? Clearly, some *Cammer* factors can be helpful in establishing indocators that the stock in question was capable of trading in an efficient manner. As demonstrated, however, just relying on many of *Cammer's* factors does not necessarily prove that the stock in question behaved in an efficient manner. Many of the factors, like the existence of market makers and coverage by securities analysts, do not even go to the market behavior of a stock. Other factors, like the average weekly trading volume, are imprecise as well, and certainly do not show or prove market efficiency. Indeed, during the Internet boom, many stocks exhibited relatively high average weekly trading volumes, but also behaved in a volatile manner, often rising many dollars per share without the disclosure of news or material information concerning the company.

In support of their motion for class certification, securities fraud plaintiffs ought to be required to make some detailed showing that the stock in question traded in an efficient manner. Merely demonstrating a single or small number of cases where there is an apparent cause and effect relationship is not enough, since this measures only one point in time during the class period, and only the stock's response to one or a handful of disclosures. If we have learned anything about the advances of knowledge, it is that proper tests of whether an effect is present must be done through the scientific method. One such scientific approach is to examine both a control group and a treatment group and, applying the identical test to both, see whether there is a significant difference in the results. In the case of testing whether there is a cause and effect relationship between news and movements in a stock price, this means not simply finding a case where there was news and a stock price movement, but finding two samples of defendant's stock prices—one with news and one without—and testing whether the price movements for the two samples are distinguishable. Though one may argue as

---

a plaintiff is entitled to rely on the fraud on the market theory's presumption of reliance without a detail review of evidence the evidence submitted by a plaintiff under the guise of satisfying *Cammer*.