# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

In re WASTE MANAGEMENT SECURITIES :   Civil Action No. 1:22-cv-04838-LGS
LITIGATION                                   :

                                        :   <u>CLASS ACTION</u>

                                        :

_____ x   STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated July 10, 2025 (the "Stipulation"), is entered into by: (i) Lead Plaintiffs Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan, on behalf of themselves and each Class Member, by and through their counsel of record in *In re Waste Management Securities Litigation*, Case No. 1:22-cv-04838-LGS (S.D.N.Y.); and (ii) Waste Management, Inc., James C. Fish, Jr., John J. Morris, and Devina A. Rankin, by and through their counsel of record in the Litigation.[1] The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Plaintiffs' Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.      THE LITIGATION

### A.      Lead Plaintiffs' Complaint and the Defendants' Motion to Dismiss

The Litigation is currently pending before Judge Lorna G. Schofield in the United States District Court for the Southern District of New York (the "Court"). The initial complaint in the Litigation was filed on June 9, 2022. On November 30, 2022, the Court appointed the Lead Plaintiffs and appointed Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On January 17, 2023, Lead Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 against Defendants and former defendant Leslie K. Nagy ("Nagy"). On February 28, 2023, Defendants and Nagy filed a pre-motion letter seeking permission to file a motion to dismiss the Complaint. On March 7, 2023, Lead Plaintiffs filed a response to the pre-motion letter. On March 8, 2023, the Court granted Defendants and Nagy

---

[1]      Capitalized terms not otherwise defined shall have the meaning ascribed to them in §IV.1.

permission to file a motion to dismiss the Complaint. On April 5, 2023, Defendants and former defendant Nagy moved to dismiss the Complaint. On May 3, 2023, Lead Plaintiffs filed a brief in opposition to the motion to dismiss. On May 16, 2023, Defendants and Nagy filed a reply brief in further support of their motion to dismiss. On March 27, 2024, the Court denied Defendants' motion to dismiss, except with respect to former defendant Nagy.

## B.    Discovery

On May 10, 2024, Defendants answered the Complaint. Thereafter, the parties commenced discovery. On May 15, 2024, the parties served each other with requests for production of documents. On June 14, 2024, the parties served responses and objections to each other's requests for production of documents. In response to Lead Plaintiffs' requests for production of documents, Defendants produced over 18,160 documents, totaling more than 107,650 pages, including internal and external emails, Board materials, transaction-related communications, and presentations. Defendants also served third-party subpoenas on fourteen financial institutions, and re-produced to Lead Plaintiffs documents produced in response to those subpoenas.

On November 15, 2024, Lead Plaintiffs served Defendants with Lead Plaintiffs' First Set of Interrogatories to All Defendants (the "First Set of Interrogatories") and Lead Plaintiffs' First Set of Request for Admission to All Defendants (the "RFAs"). On December 16, 2024, Defendants served Lead Plaintiffs with their responses and objections to the First Set of Interrogatories and the RFAs.

Discovery continued until May 2025. During that time, the parties met and conferred on numerous occasions, including about the scope of Defendants' discovery obligations, Defendants' voluntary waiver of the attorney-client privilege as to certain communications, Lead Plaintiffs'

service of additional interrogatories, and Lead Plaintiffs took the depositions of four Waste Management fact witnesses.[2]

### C.    Class Certification

On June 14, 2024, Lead Plaintiffs filed a motion for class certification and, in support of the motion, an expert report of Lead Plaintiffs' class certification expert, Dr. Steven Feinstein ("Dr. Feinstein").  On August 16, 2024, Defendants filed a brief in opposition to Lead Plaintiffs' motion for class certification and a rebuttal expert report of Defendants' class certification expert, Lucy P. Allen.  On September 27, 2024, Defendants took Dr. Feinstein's deposition.  On October 1, 2024, Lead Plaintiffs took Ms. Allen's deposition.  On October 16, 2024, Lead Plaintiffs filed a reply brief, along with a rebuttal report from Dr. Feinstein, in further support of class certification.  On October 21, 2024, Defendants filed a letter seeking a pre-motion conference regarding a *Daubert* motion to exclude the testimony of Lead Plaintiffs' class certification expert.  On October 22, 2024, the Court set a briefing schedule for Defendants' *Daubert* motion.  On October 29, 2024, Defendants filed their *Daubert* motion.  On October 30, 2024, Defendants filed a letter motion requesting permission to file a surreply on the issue of price impact in opposition to Lead Plaintiffs' motion for class certification, which the Court granted.  On November 5, 2024, Lead Plaintiffs filed a brief in opposition to Defendants' *Daubert* motion.  On November 8, 2024, Defendants filed a reply brief in further support of their *Daubert* motion.  On March 31, 2025, the Court granted Lead Plaintiffs' motion for class certification and denied Defendants' *Daubert* motion.

---

[2]    On April 24, 2025, Lead Plaintiffs served Defendants with Lead Plaintiffs' Second Set of Interrogatories.  The parties reached a settlement in principle before Defendants were scheduled to respond to Lead Plaintiffs' Second Set of Interrogatories.

On April 15, 2025, Defendants filed a petition to the United States Court of Appeals for the Second Circuit for permission to appeal the class certification decision pursuant to Rule 23(f) of the Federal Rules of Civil Procedure (the "Petition"). On April 24, 2025, Lead Plaintiffs filed a brief in opposition to the Petition. The Petition was pending when the parties reached this Settlement.

### D.    Mediation and Settlement

Lead Plaintiffs and Defendants participated in a voluntary confidential in-person mediation session with Jed Melnick, an experienced mediator, on July 31, 2024. Before the mediation session, the parties exchanged mediation statements, setting forth their respective positions on liability and damages. The parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session, and litigation continued.

Following the initial mediation session, the parties continued to engage in settlement negotiations facilitated by Mr. Melnick, including a second in-person mediation session on April 15, 2025, and two Zoom sessions held on April 10 and 18, 2025. On May 8, 2025, the Settling Parties accepted a mediator's proposal to settle the Litigation in return for a cash payment of $30 million to be paid by Defendants and/or their insurers for the benefit of the Class, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court.

This Stipulation (together with the Exhibits hereto) has been duly executed by the undersigned signatories on behalf of their respective clients, and reflects the final and binding agreement among the Settling Parties, subject to the Court's approval.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny, any and all of the claims alleged in the Litigation, including any allegations of fault, liability, wrongdoing, or

damages whatsoever.  Specifically, Defendants expressly have denied, and continue to deny, that they have committed any act or made any materially misleading statement giving rise to any liability under the federal securities laws.  Defendants expressly have denied, and continue to deny, that they have committed any wrongdoing or violations of law as alleged in any complaint in the Litigation or that could have been alleged in the Litigation, and Defendants maintain that their conduct was at all times proper and in compliance with applicable provisions of law.  Defendants also have denied, and continue to deny, that they made any material misstatement or omission; that the prices of WM Notes, as defined below, were artificially inflated during the Class Period as a result; that any Class Members, including Lead Plaintiffs, suffered any damages; or that any Class Members, including Lead Plaintiffs, were harmed by any conduct alleged in the Litigation or that could have been alleged therein.  Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein.  However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense, length, and uncertainty of

continued proceedings necessary to prosecute the Litigation through trial and through appeals. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risks of any litigation, especially in a complex action such as this Litigation, as well as the difficulties and delays inherent in this Litigation. Lead Plaintiffs and Lead Counsel also are mindful of the inherent difficulty of proving and defeating possible defenses to the securities law claims asserted in the Litigation. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their own investigation and evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any concession by Lead Plaintiffs that the Litigation lacks merit, and without any concession by Defendants of any liability, wrongdoing, fault, damages, or lack of merit in the defenses asserted, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (on behalf of themselves and the Class Members) and Defendants, by and through their respective counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and subject to the terms and conditions of this Stipulation, in consideration of the benefits flowing to the Settling Parties from the Settlement, the Litigation and the Released Plaintiffs' Claims shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions set forth below:

### 1.    Definitions

As used in this Stipulation and in any Exhibits attached hereto and made a part hereof, the following terms, when capitalized, have the meanings specified below:

- 6 -

1.1 "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment pursuant to the Court-approved Plan of Allocation.

1.2 "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3 "Claims Administrator" means the firm of Verita Global.

1.4 "Class" means all Persons who purchased or otherwise acquired any of the following WM redeemable senior notes, between February 13, 2020 and June 23, 2020, inclusive, in one or more domestic transactions, and were damaged thereby: (i) 2.95% Senior Notes due 2024 (CUSIP 94106LBF5); (ii) 3.20% Senior Notes due 2026 (CUSIP 94106LBH1); (iii) 3.45% Senior Notes due 2029 (CUSIP 94106LBG3); or (iv) 4.00% Senior Notes due 2039 (CUSIP 94106LBJ7) (the "WM Notes" or "Notes").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

1.5 "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.4 above.

1.6 "Class Period" means the period between February 13, 2020 and June 23, 2020, inclusive.

1.7 "Defendants" means WM and the Individual Defendants.

1.8 "Defendants' Counsel" means Baker Botts L.L.P.

1.9    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred or have been waived.

1.10    "Escrow Account" means an interest-bearing account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Class in accordance with the terms of this Stipulation and any order of the Court.

1.11    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.12    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order or Judgment becomes Final when either: (a) no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal from the Judgment or order has been filed and either: (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review

pertaining solely to an order issued with respect to: (a) attorneys' fees, costs, or expenses; (b) the Plan of Allocation (as submitted or subsequently modified); or (c) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.13    "Individual Defendants" means, collectively, James C. Fish, Jr., John J. Morris, and Devina A. Rankin.

1.14    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B, to be entered by the Court.

1.15    "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.16    "Lead Plaintiffs" means Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan.

1.17    "Lead Plaintiffs' Counsel" means any attorney or firm who has appeared in the Litigation on behalf of any plaintiff or proposed class.

1.18    "Litigation" means the lawsuit pending in the United States District Court for the Southern District of New York captioned *In re Waste Management Securities Litigation*, Case No. 1:22-cv-04838-LGS.

1.19    "Net Settlement Fund" means the Settlement Fund less: (a) any Court-awarded attorneys' fees, expenses, and interest thereon; (b) Notice and Administration Expenses; (c) Taxes and Tax Expenses; and (d) other Court-approved deductions.

1.20    "Notice and Administration Expenses" means actual notice and administration expenses, including reasonable costs and expenses actually incurred with providing notice of the

Settlement to the Class by mail, email, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proofs of Claim, administering the Settlement, and paying escrow taxes, fees and costs, if any.

1.21    "Person(s)" means an individual, corporation (including all divisions and subsidiaries), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, professional corporation, joint venture, fund, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and all of their respective spouses, heirs, beneficiaries, trustees, transferees, executors, administrators, predecessors, successors, representatives, or assignees.

1.22    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and neither Defendants nor the Released Defendant Parties shall have any responsibility or liability with respect thereto.  Any order of the Court modifying or rejecting the Plan of Allocation will not affect the finality or binding nature of the Settlement.

1.23    "Postcard Notice" means the notice, as approved by the Court and as described in ¶3.1 and in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A-4, which is to be emailed or mailed to potential Class Members informing them of the Settlement contemplated by this Stipulation.

1.24    "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit A attached hereto, granting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; and (ii) approval for the mailing and emailing of the Postcard Notice, publication of the Summary Notice, and the posting of the Notice of Pendency

- 10 -

and Proposed Settlement of Class Action ("Notice") and Proof of Claim on the case-designated website, substantially in the forms of Exhibits A-1 through A-4 attached hereto.

1.25    "Proof of Claim" means the Proof of Claim and Release form for submitting a Claim.  Subject to approval of the Court, the Proof of Claim shall be substantially in the form attached hereto as Exhibit A-2, which a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.

1.26    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined in ¶1.38), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

1.27    "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and Nagy and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such.

- 11 -

1.28    "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, foreign or other applicable law, rule, or regulation that Lead Plaintiffs or any other Member of the Class (i) asserted in any complaint filed in the Litigation, or could have asserted or could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in the Litigation and (ii) that arise out of or relate to the purchase or acquisition of the WM Notes during the Class Period.  Released Plaintiffs' Claims does not include: (i) any claims relating to the enforcement of the Settlement or (ii) any claims of any Person that submitted an effective request for exclusion from the Class.

1.29    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Lead Plaintiffs and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

1.30    "Releases" means the releases set forth in ¶¶4.1-4.6 of this Stipulation.

1.31    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

- 12 -

1.32   "Settlement Amount" means Thirty Million U.S. Dollars (U.S. $30,000,000.00) to be paid by ACH(s), wire transfer(s), or check(s) to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.33   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.34   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.35   "Settling Parties" means, collectively, Defendants and Lead Plaintiffs, on behalf of themselves and the Class.

1.36   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.37   "Tax Expenses" means all expenses and costs incurred in connection with the operation and implementation of ¶2.15 of this Stipulation (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.15).

1.38   "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to: (a) any and all Released Plaintiffs'

Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have

- 14 -

existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class, and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

1.39   "Waste Management," "WM," or the "Company" mean Waste Management, Inc.

**2.      The Settlement**

2.1     The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final

disposition of the Litigation, and any and all Released Plaintiffs' Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### a.    The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the Releases specified in ¶¶4.1-4.6 herein, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account by ACH(s), wire transfer(s), or check(s) within twenty-one (21) calendar days after entry of the Preliminary Approval Order.  Lead Counsel will provide to Defendants' Counsel all information necessary to effectuate a transfer of funds, including, but not limited to, complete ACH, wire, and/or mailing instructions, payment address, the bank name and ABA routing number, account name and number, the name and telephone contact information for a person with whom Defendants' insurers can verify the payment instructions, and a signed W-9 reflecting the taxpayer identification number for the Settlement Fund, no later than thirty (30) calendar days before the preliminary approval hearing.  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in the Escrow Account.

2.3    The Defendants' obligation to pay, or cause to be paid, the Settlement Amount into the Escrow Account, as set forth in ¶2.2 represents the entirety of Defendants' financial obligations under this Stipulation and in connection with this Settlement.  Other than Defendants' obligation to pay or cause to be paid the Settlement Amount into the Escrow Account set forth in ¶2.2, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of

any Claims asserted against the Settlement Fund; (e) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4    If the entire Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement, but only if: (a) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement; and (b) the entire Settlement Amount is not transferred to the Escrow Account within three (3) business days after Lead Counsel has provided such written notice.

2.5    Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2 and the fees, costs, and expenses associated with providing notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA") (as discussed below in ¶5.1), the Released Defendant Parties shall have no obligation to make any other payments pursuant to this Stipulation.

**b.    The Escrow Agent**

2.6    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Expenses; (c) any litigation expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶5.4-5.10.

2.7    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.

2.8     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.9     The interest from this Escrow Account will accrue to the benefit of the Class if the Court approves the Settlement.  But, if the Effective Date does not occur or the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the interest and Settlement Amount will be returned to the Company less any Notice and Administration Expenses, within thirty (30) business days.

2.10    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.11    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no

- 18 -

responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.12    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.13    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay, without further approval from Defendants and/or order of the Court, all reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proofs of Claim, administering the Settlement, and paying escrow taxes, fees, and costs, if any ("Notice and Administration Expenses").

2.14    It shall be Lead Counsel's responsibility to disseminate the Postcard Notice, Notice, Proof of Claim, and Summary Notice to potential Class Members in accordance with this Stipulation and as ordered by the Court. The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any Notice and Administration Expenses.

**c.    Taxes**

2.15    The Settling Parties agree as follows:

(a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treasury Regulation §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.15, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treasury Regulation §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.15(a) hereof) shall be consistent with this ¶2.15 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.15(c) hereof.

(c)    All: (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any

income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (b) Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.15.

2.16   This is not a claims-made settlement. As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims. The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

2.17   All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and

in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Defendant Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

### d.    Termination of Settlement

2.18    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund (including any accrued interest), less Notice and Administration Expenses, Taxes and Tax Expenses actually paid, incurred, or due and owing pursuant to ¶¶2.13 and 2.15 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.3 herein.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23(e)(2), and approval for the distribution of the Postcard Notice and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-4 and A-3, respectively, attached hereto. The Postcard Notice shall direct Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and

Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, as defined in ¶1.34 and below.

3.2    It shall be solely Lead Counsel's responsibility to disseminate the Postcard Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure or deficiency of the notice process.

3.3    Lead Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate federal and state officials are provided with notice, at Defendants' expense, pursuant to CAFA, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.    Releases**

4.1    The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition and dismissal with prejudice of the Litigation; and (b) the Releases provided for herein.

4.2    Upon the Effective Date, as defined in ¶1.9 hereof, Lead Plaintiffs and each other Member of the Class shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of law and of the Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall be deemed to have covenanted not to sue any Released Defendant Parties on the basis of any Released Plaintiffs' Claims.  The foregoing

release is given regardless of whether Lead Plaintiffs or any Class Member have: (a) executed and delivered a Proof of Claim; (b) received the Notice; (c) participated in the Settlement Fund; (d) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Lead Plaintiffs' Counsel for attorneys' fees and expenses; or (e) had their claims approved or allowed. Nothing contained herein shall bar any action or claim to enforce the terms of this Stipulation or the Judgment. Claims to enforce the terms of this Stipulation or the Judgment are not released.

4.3     Lead Plaintiffs, for themselves and on behalf of all Class Members, expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims or otherwise, but upon the Effective Date, Lead Plaintiffs expressly shall have, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claim, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver of Released Plaintiffs' Claims that are Unknown Claims was separately bargained for and a key element of the Settlement of which this release is a part.

4.4     Upon the Effective Date, as defined in ¶1.9 hereof, the Released Defendant Parties shall be deemed to have, and by operation of law and of the Judgment shall have, to the fullest

extent permitted by the law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, and discharged each and every one of Released Defendants' Claims against the Releasing Plaintiff Parties, and shall be deemed to have covenanted not to sue any Releasing Plaintiff Parties on the basis of the Released Defendants' Claims against any of the Releasing Plaintiff Parties. This release shall not apply to any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

4.5    Any Proof of Claim that is executed by a Class Member shall acknowledge the release of all Released Plaintiffs' Claims against the Released Defendant Parties pursuant to this Stipulation and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.6    Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by the Class or a Class Member against any of the Released Defendant Parties with respect to any Released Plaintiffs' Claims, or brought by a Released Defendant Party against any of the Releasing Plaintiff Parties with respect to any Released Defendants' Claim.

4.7    Notwithstanding ¶¶4.1-4.6 above, nothing in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment. Claims to enforce the terms of this Stipulation or the Judgment are not released.

**5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1    As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of the Claims Administrator. The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of

the Net Settlement Fund to Authorized Claimants.  With the exception that Defendants shall be responsible for providing any required notice under CAFA, including the costs and expenses thereof, the Released Defendant Parties and Defendants' Counsel shall have no responsibility for or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiffs, any other Class Members, or Lead Plaintiffs' Counsel, in connection with such administration, including, but not limited to: (a) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of Lead Plaintiffs' Counsel and to pay any award to Lead Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or orders of the Court.

5.3    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.4    Within ninety (90) calendar days after the dissemination of the Postcard Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

5.5    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the Releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.    Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.    No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

- 27 -

5.6     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.9     Each claimant who does not request to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim, including, but not limited to, all Releases provided for herein and in the Judgment, and the Claim will be

subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's Claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law or fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Class Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) with respect to such determinations.

5.10    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Lead Counsel.

5.11   The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12   No Person shall have any claim against the Released Defendant Parties, Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

**6.      Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1      Lead Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of Lead Plaintiffs' Counsel for an award from the Settlement Fund for: (a) attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses/charges at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any such fees and expenses awarded shall be paid from the Settlement Fund.  Any application for fees and expenses may include a request for reimbursement of Lead Plaintiffs' reasonable costs and expenses in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4). Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2      The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel shall thereafter allocate the attorneys' fees among Lead Plaintiffs' Counsel in a manner in which Lead Counsel in good faith believes reflects the contribution of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3      In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including its partners and/or shareholders, and such

other Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiffs who have received any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon in an amount consistent with such reversal, modification, cancellation, or termination.  Any refunds required pursuant to this ¶6.3 shall be the joint and several obligation of Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiffs if they received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Lead Plaintiffs' Counsel or Lead Plaintiff receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of themselves and each of their partners and/or shareholders, agrees that: (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph; and (b) are jointly and severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund.

6.4    The Settlement is not contingent on the allowance or disallowance of any applications by any Lead Plaintiffs' Counsel for attorneys' fees and expenses.  The procedure for and the allowance or disallowance by the Court of any applications by any Lead Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Plaintiffs, Lead

- 32 -

Counsel, or Lead Plaintiffs' Counsel, nor any appeals from such awards. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to this Stipulation.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. With the sole exception of the Company's obligation to cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2 and Defendants' own fees, costs, and expenses associated with providing notice under CAFA, as provided in ¶5.1, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, or any other counsel or Person who receives payment from the Settlement Fund.

6.6    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)    the Court has entered the Preliminary Approval Order directing notice to the Class, as required by ¶3.1 hereof;

(b)    the Settlement Amount has been deposited into the Escrow Account;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, dismissing the Litigation with prejudice; and

(f)    the Judgment has become Final.

7.2    Upon the Effective Date, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective. The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund. If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.3-7.5 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Lead Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3    Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise

- 34 -

fails to occur for any reason, including, without limitation, in the event: (a) the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; (b) either party exercises any other ground for termination set forth in ¶7.4 of this Stipulation; or (c) Defendants exercise their right under the terms and within the time limit set forth in the Settling Parties' supplemental agreement (the "Supplemental Agreement") to terminate the Settlement in their sole discretion if the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses, and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.13 and/or 2.15 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.13 and/or 2.15 hereof, shall be fully refunded by the Escrow Agent to the entities that paid the Settlement Fund on behalf of Defendants in proportion to their respective contribution.  Such refunds shall be pursuant to written instructions from Defendants' Counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the entities that paid the Settlement Fund on behalf of Defendants. Such payments shall be pursuant to written instructions from Defendants' Counsel.

7.4    Lead Plaintiffs and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order; (b) the Court's refusal to approve this Stipulation; (c) the Court's refusal to enter the Judgment; (d) the date upon which the Judgment is reversed or vacated or

altered following any appeal taken therefrom, or is successfully collaterally attacked; or (e) the failure of the Effective Date to occur for any reason. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Lead Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.5    In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Litigation and shall be restored to their respective positions in the Litigation as of May 8, 2025. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.38, 2.10-2.18, 6.3, 7.3-7.6, 8.1, and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

7.6    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor Lead Plaintiffs' Counsel shall have any obligation to repay any amounts actually disbursed pursuant to ¶¶2.13 or 2.15. In addition, any amounts already actually incurred pursuant to ¶¶2.13 or 2.15 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.18 and 7.3 hereof.

8.    **No Admission of Wrongdoing**

8.1    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any acts, proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party of the truth of any allegations by Lead Plaintiffs or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered or received against or to the prejudice of Lead Plaintiffs or any Class Member as evidence that Lead Plaintiffs' claims in any way lack merit or as evidence of the validity of any affirmative defense that has been or could have been asserted in the Litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims;

(c)    shall be offered or received against or to the prejudice of any Released Defendant Party as evidence of a presumption, concession, or admission of any fault,

- 37 -

misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Lead Plaintiffs or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(d)    shall be offered or received against or to the prejudice of any Released Defendant Party as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, the Released Defendant Parties may refer to it to effectuate the release granted them hereunder; or

(e)    shall be construed against the Released Defendant Parties, Lead Plaintiffs, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

**9.    Miscellaneous Provisions**

9.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  Pursuant to 15 U.S.C. §78u-4(c)(1), the Settling Parties agree that the Judgment will contain a finding that, during the course of the Litigation, the Settling Parties

and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  None of the Settling Parties shall disparage the others in their statements concerning the Litigation or the Settlement.  Notwithstanding the foregoing, the Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3     Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of the Stipulation shall prevail.

9.6    This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning this Stipulation, or its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.8    Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

9.9    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.10    Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.11    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set

of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

9.12    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given when delivered personally to the recipient, including via email with confirmation of receipt and addressed to the intended recipient as set forth below:

### If to Lead Plaintiffs or to Lead Counsel:

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101
elleng@rgrdlaw.com

### If to Defendants or to Defendants' Counsel:

BAKER BOTTS L.L.P.
DAVID STERLING
910 Louisiana Street
Houston, TX  77002
david.sterling@bakerbotts.com

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Settling Parties.

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.15    Any waiver of any of the terms of this Stipulation must be in writing, signed by the party against whom the waiver is sought to be enforced.  The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.16    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.17    This Stipulation and its Exhibits and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.18    Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

9.19    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.20    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.21    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.22    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS HEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated July 10, 2025.

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
NOAM MANDEL
DESIREE CUMMINGS
JONATHAN ZWEIG

_____
NOAM MANDEL

420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  (212) 432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com
dcummings@rgrdlaw.com
jzweig@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART (*pro hac vice*
forthcoming)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  (619) 231-1058
(619) 231-7423 (fax)
elleng@rgrdlaw.com

Lead Counsel for the Class

BAKER BOTTS L.L.P.
DAVID D. STERLING
AMY PHARR HEFLEY

_____
DAVID D. STERLING

- 43 -

910 Louisiana Street
Houston, TX  77002
Telephone:  (713) 229-1234
(713) 229-1522 (fax)
david.sterling@bakerbotts.com
amy.hefley@bakerbotts.com

Attorneys for Defendants

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
In re WASTE MANAGEMENT SECURITIES :  Civil Action No. 1:22-cv-04838-LGS
LITIGATION                               :
                                        :  CLASS ACTION
                                        :
                                        :  [PROPOSED] ORDER PRELIMINARILY
                                        :  APPROVING SETTLEMENT AND
                                        :  PROVIDING FOR NOTICE
                                        :
                                        :  EXHIBIT A
———————————————————— x

WHEREAS, an action is pending before this Court entitled *In re Waste Management Securities Litigation*, No. 1:22-cv-04838-LGS (S.D.N.Y.) (the "Litigation");

WHEREAS, Lead Plaintiffs Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan ("Lead Plaintiffs") having made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated July 10, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein, and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court hereby preliminarily approves the Settlement set forth in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

2.    The Court preliminarily finds that: (a) the Settlement resulted from serious, extensive arm's-length and non-collusive negotiations between experienced counsel following mediation with an experienced mediator; (b) the proposed Settlement eliminates risks to the Settling Parties of continued litigation; (c) the proposed Settlement does not provide undue preferential treatment to Lead Plaintiffs or to segments of the Class; (d) the proposed Settlement

- 1 -

does not provide excessive compensation to Lead Counsel; (e) the proposed Settlement falls within a range of reasonableness warranting final approval and has no obvious deficiencies and is sufficiently reasonable and adequate to the Class;[1] and (f) warrants notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2025, at ___ ___.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.14 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Lead Plaintiffs; and (e) any such other matters as the Court may deem appropriate.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the

---

[1]    The "Class" is defined as all Persons who purchased or otherwise acquired any of the following WM redeemable senior notes, between February 13, 2020 and June 23, 2020, inclusive, in one or more domestic transactions, and were damaged thereby: (i) 2.95% Senior Notes due 2024 (CUSIP 94106LBF5); (ii) 3.20% Senior Notes due 2026 (CUSIP 94106LBH1); (iii) 3.45% Senior Notes due 2029 (CUSIP 94106LBG3); or (iv) 4.00% Senior Notes due 2039 (CUSIP 94106LBJ7). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are any Persons who exclude themselves by submitting a valid and timely request for exclusion which is accepted by the Court.

proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-dedicated website, substantially in the manner and form set forth in ¶6 of this Order, meet the requirements of Rule 23 Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.      Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.*, which shall be paid by Defendants, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

6.      The firm of Verita Global ("Verita" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a)      Not later than _____, 2025 (the "Notice Date") (a date twenty-one (21) calendar days after entry by this Court of this Order), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-

Class Mail (where an email is unavailable) to all potential Class Members who can be identified with reasonable effort, shall cause a copy of the Postcard Notice to be mailed to nominees, and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.WasteManagementSettlement.com. For all notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(b)       Not later than _____, 2025 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(c)       Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

7.       Nominees who purchased or otherwise acquired WM Notes during the Class Period for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (b) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including

- 4 -

the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

8.     Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

9.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be mailed or submitted electronically no later than _____, 2025 (a date ninety (90) calendar days from the Notice Date).  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel may, in its discretion,

accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

10.    Any Class Member may enter an appearance in the Litigation, at his, her, its, or their own expense, individually or through counsel of his, her, it, or their own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

11.    Any Member of the Class who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth herein. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2025 (a date twenty-one (21) calendar days prior to the Settlement Hearing). A Request for Exclusion must provide: (a) the name, address, email address, and telephone number of the Person requesting exclusion; (b) a list identifying the dates and the face value and type of WM Notes purchased or otherwise acquired and sold during the Class Period and the price paid for each such purchase or acquisition and received for each such sale; and (c) a statement that the Person wishes to be excluded from the Class, signed by the person or entity requesting exclusion or an authorized representative. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment in the Litigation, including, without limitation, the Judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired WM Notes during the Class Period who fails to timely request exclusion from the Class in compliance with each of the provisions in

- 6 -

this paragraph shall be: (a) deemed to have waived his, her, its, or their right to be excluded from the Class; (b) barred from requesting exclusion from the Class; (c) bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Proofs of Claim may be accepted for processing as set forth in ¶9. Any Person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Litigation, and shall not receive any payment out of the Net Settlement Fund.

12.    Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event later than three (3) calendar days from receipt thereof, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

13.    Any Class Member who or which does not request exclusion from the Class may file a written objection to the Settlement and show cause why the Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why the requested amount of attorneys' fees and expenses should or should not be awarded to counsel, or why the requested amount should or should not be awarded to Lead Plaintiffs, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such

- 7 -

matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____, 2025 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing), by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Baker Botts L.L.P., Attn: David D. Sterling, 910 Louisiana Street, Houston, TX 77002, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of New York, on or before _____, 2025 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). Any Class Member who does not make his, her, its, or their objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

14.     Any objections, filings, and other submissions by an objecting Class Member must: (a) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (b) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire

Class; (c) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, other acquisitions, and sales of WM Notes during the Class Period, including the dates and the type and face value of the WM Notes purchased, acquired, or sold, and the price paid or received for each such purchase, acquisition, or sale; and (d) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected.

15.    Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, this Order, and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

16.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses, including an award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), shall be filed and served no later than _____, 2025 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing). Replies to any objections shall be filed and served no later than _____, 2025 (a date that is seven (7) calendar days prior to the Settlement Hearing).

18.    Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses

submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

19.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

20.    All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.13 or 2.15 of the Stipulation.

21.    Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.    Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered

against any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other action, or of any liability, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Releasing Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasing Plaintiff Parties or Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Defendant Parties, the Releasing Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.  The Released Defendant Parties, the Releasing Plaintiff Parties, and each of their counsel may file the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res*

- 11 -

*judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23.    If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.   This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of May 8, 2025.

24.    Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

IT IS SO ORDERED.

DATED:  _____      _____

THE HONORABLE LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
|---|---|---|
| In re WASTE MANAGEMENT SECURITIES LITIGATION | : : : : : : : : : x | Civil Action No. 1:22-cv-04838-LGS<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

**TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED ANY OF THE FOLLOWING WASTE MANAGEMENT, INC. ("WM" OR THE "COMPANY") REDEEMABLE SENIOR NOTES, BETWEEN FEBRUARY 13, 2020 AND JUNE 23, 2020, INCLUSIVE (THE "CLASS PERIOD"), IN ONE OR MORE DOMESTIC TRANSACTIONS, AND WERE DAMAGED THEREBY: (I) 2.95% SENIOR NOTES DUE 2024 (CUSIP 94106LBF5); (II) 3.20% SENIOR NOTES DUE 2026 (CUSIP 94106LBH1); (III) 3.45% SENIOR NOTES DUE 2029 (CUSIP 94106LBG3); OR (IV) 4.00% SENIOR NOTES DUE 2039 (CUSIP 94106LBJ7) (THE "WM NOTES")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.WASTEMANAGEMENTSETTLEMENT.COM) ON OR BEFORE           , 2025**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action (the "Notice") has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan ("Lead Plaintiffs") and WM, James C. Fish, Jr., John J. Morris, and Devina A. Rankin ("Defendants"); (ii) the proposed $30 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated July 10, 2025 (the "Stipulation"), by and between Lead Plaintiffs and Defendants (the "Parties" or "Settling Parties").  This Notice describes what steps you may take in relation to the Settlement and the Litigation.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.WasteManagementSettlement.com.

- 1 -

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  **Proofs of Claim must be postmarked or submitted online on or before _____, 2025.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Requests for exclusion must be postmarked on or before _____, 2025.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Class.  **Objections must be *received* by the Court and counsel on or before _____, 2025.  If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON _____, 2025** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before _____, 2025.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $30 million cash settlement fund has been established.  Based on Lead Plaintiffs' estimate of the number of allegedly damaged WM Notes eligible to recover under the Settlement, the average distribution per WM Note under the Plan of Allocation is approximately $24 per damaged WM Note, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court.  **Class Members should note, however, that this is**

**only an estimate**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. Please see the Plan of Allocation set forth and discussed at pages ___ through ____ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of the WM Notes were allegedly artificially inflated (if at all) during the Class Period; and (4) the amount, if any, by which the prices of the WM Notes were allegedly artificially inflated (if at all) during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, will apply to the Court for an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount, plus expenses not to exceed $1,000,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. Lead Counsel has agreed to share part of any attorneys' fees awarded by the Court with the Law Office of David Harrison PLLC, 600 Mamaroneck Avenue, Suite 400, Harrison, NY 10528, based on their level of contribution to the initiation, prosecution, and resolution of the Litigation.[2] If attorneys' fees of 33-1/3% of the Settlement Amount, plus expenses not to exceed $1,000,000, are awarded by the Court, the average cost per damaged WM Note will be approximately $9.28. In addition, Lead Plaintiffs may seek an award not to exceed $60,000 in the aggregate in connection with their representation of the Class.

---

[2] The Law Office of David Harrison PLLC intends to share a portion of any fees they may receive pursuant to an award by the Court in this matter with Lowey Dannenberg, P.C., 44 South Broadway, Suite 1100, White Plains, NY 10601, based on work performed prior to David Harrison's departure from the Lowey Dannenberg firm.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-333-4592, or visit the website, www.WasteManagementSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| **1.** | **What is the purpose of this Notice?** |
|---|---|

This Notice informs potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York, and the case is known as *In re Waste Management Securities Litigation*, No. 1:22-cv-04838-LGS. The case has been assigned to the Honorable Lorna G. Schofield. The entities representing the Class are the "Lead Plaintiffs," and the company and individuals they sued and who have now settled are called the "Defendants."

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to

Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| 2. | What is this lawsuit about? |

The initial complaint in the Litigation was filed on June 9, 2022.  On November 30, 2022, the Court appointed Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan as Lead Plaintiffs and appointed Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On January 17, 2023, Lead Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 against Defendants and former defendant Leslie K. Nagy ("Nagy").  On February 28, 2023, Defendants and Nagy filed a pre-motion letter seeking permission to file a motion to dismiss the Complaint.  On March 7, 2023, Lead Plaintiffs filed a response to the pre-motion letter.  On March 8, 2023, the Court granted Defendants and Nagy permission to file a motion to dismiss the Complaint.  On April 5, 2023, Defendants and former defendant Nagy moved to dismiss the Complaint.  On May 3, 2023, Lead Plaintiffs filed a brief in opposition to the motion to dismiss.  On May 16, 2023, Defendants and Nagy filed a reply brief in further support of their motion to dismiss.  On March 27, 2024, the Court denied Defendants' motion to dismiss, except with respect to former defendant Nagy.

On May 10, 2024, Defendants answered the Complaint.  Thereafter, the Parties commenced discovery.  On May 15, 2024, the Parties served each other with requests for the production of documents.  On June 14, 2024, the Parties served responses and objections to each other's requests for the production of documents.  In response to Lead Plaintiffs' requests for the production of documents, Defendants produced over 18,160 documents, totaling more than 107,650 pages, including internal and external emails, Board materials, transaction-related communications, and presentations.  Defendants also served third-party subpoenas on fourteen financial institutions, and re-produced to Lead Plaintiffs documents in response to those subpoenas.

On November 15, 2024, Lead Plaintiffs served Defendants with Lead Plaintiffs' First Set of Interrogatories to All Defendants (the "First Set of Interrogatories") and Lead Plaintiffs' First Set of Request for Admission to All Defendants (the "RFAs").  On December 16, 2024, Defendants served Lead Plaintiffs with their responses and objections to the First Set of Interrogatories and the RFAs.  Discovery continued until May 2025.  During that time, the Parties met and conferred on numerous occasions, including about the scope of Defendants' discovery obligations, Defendants' voluntary waiver of the attorney-client privilege as to certain communications, and Lead Plaintiffs' service of additional interrogatories,[3] and Lead Plaintiffs took the depositions of four Waste Management fact witnesses.

---

[3]    On April 24, 2025, Lead Plaintiffs served Defendants with Lead Plaintiffs' Second Set of Interrogatories.  The Parties reached a settlement in principle before Defendants were scheduled to respond to Lead Plaintiffs' Second Set of Interrogatories.

On June 14, 2024, Lead Plaintiffs filed a motion for class certification and, in support of the motion, an expert report of Lead Plaintiffs' class certification expert, Dr. Steven Feinstein ("Dr. Feinstein"). On August 16, 2024, Defendants filed a brief in opposition to Lead Plaintiffs' motion for class certification and a rebuttal expert report of Defendants' class certification expert, Lucy P. Allen. On September 27, 2024, Defendants took Dr. Feinstein's deposition. On October 1, 2024, Lead Plaintiffs took Ms. Allen's deposition. On October 16, 2024, Lead Plaintiffs filed a reply brief, along with a rebuttal report from Dr. Feinstein, in further support of class certification. On October 21, 2024, Defendants filed a letter seeking a pre-motion conference regarding a *Daubert* motion to exclude the testimony of Lead Plaintiffs' class certification expert. On October 22, 2024, the Court set a briefing schedule for Defendants' *Daubert* motion. On October 29, 2024, Defendants filed their *Daubert* motion. On October 30, 2024, Defendants filed a letter motion requesting permission to file a surreply on the issue of price impact in opposition to Lead Plaintiffs' motion for class certification, which the Court granted. On November 5, 2024, Lead Plaintiffs filed a brief in opposition to Defendants' *Daubert* motion. On November 8, 2024, Defendants filed a reply brief in further support of their *Daubert* motion. On March 31, 2025, the Court granted Lead Plaintiffs' motion for class certification and denied Defendants' *Daubert* motion.

On April 15, 2025, Defendants filed a petition to the United States Court of Appeals for the Second Circuit for permission to appeal the class certification decision pursuant to Rule 23(f) of the Federal Rules of Civil Procedure (the "Petition"). On April 24, 2025, Lead Plaintiffs filed a brief in opposition to the Petition. The Petition was pending when the Parties reached this Settlement.

Lead Plaintiffs and Defendants participated in a voluntary confidential in-person mediation session with Jed Melnick, an experienced mediator, on July 31, 2024. Before the mediation session, the Parties exchanged opening mediation statements, setting forth their respective positions on liability and damages. The Parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session, and litigation continued. Following the initial mediation session, the Parties continued to engage in settlement negotiations facilitated by Mr. Melnick, including a second in-person mediation session on April 15, 2025, and two Zoom sessions held on April 10 and 18, 2025. On May 8, 2025, the Parties accepted a mediator's proposal to settle the Litigation in return for a cash payment of $30 million to be paid by Defendants and/or their insurers for the benefit of the Class, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties, subject to the Court's approval.

| 3. | Why is there a settlement? |
|----|---------------------------|

The Court has not decided in favor of Defendants or Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other Members of the Class would recover anything from Defendants. Also, if Defendants proved any of their

- 6 -

defenses at summary judgment, trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired any of the following Waste Management redeemable senior notes, between February 13, 2020 and June 23, 2020, inclusive, in one or more domestic transactions, and were damaged thereby: (i) 2.95% Senior Notes due 2024 (CUSIP 94106LBF5); (ii) 3.20% Senior Notes due 2026 (CUSIP 94106LBH1); (iii) 3.45% Senior Notes due 2029 (CUSIP 94106LBG3); or (iv) 4.00% Senior Notes due 2039 (CUSIP 94106LBJ7) (the "WM Notes" or "Notes").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

**Please Note**:  Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2025.

| 5. | What if I am still not sure if I am included in the Class? |
|---|---|

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-333-4592, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $30 million in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit,

compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.WasteManagementSettlement.com.  Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Waste Management Notes Securities Settlement*, c/o Verita Global, Claims Administrator, P.O. Box 301170, Los Angeles, CA 90030-1170) **or submit it online at www.WasteManagementSettlement.com so that it is postmarked or received no later than _____, 2025**.

| 9. | When will I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2025, at _____ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this Litigation.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and Nagy and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their respective current,

- 8 -

former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such.

- "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, foreign or other applicable law, rule, or regulation that Lead Plaintiffs or any other Member of the Class (i) asserted in any complaint filed in the Litigation, or could have asserted or could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in the Litigation and (ii) that arise out of or relate to the purchase or acquisition of the WM Notes during the Class Period. This release does not cover, include, or release (i) any claims relating to the enforcement of the Settlement, or (ii) any claims of any Person that submitted an effective request for exclusion from the Class.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Lead Plaintiffs and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

- "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

- 9 -

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class, and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

- 10 -

**EXCLUDING YOURSELF FROM THE CLASS**

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Waste Management Notes Securities Settlement*." Your letter must include your purchases, acquisitions, and sales of the WM Notes during the Class Period, including the dates and face value and type of WM Notes purchased, acquired, or sold, and the price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked no later than _____, 2025** to:

*Waste Management Notes Securities Settlement*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2025.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No.  If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement.  But you may have the right to potentially sue or be part of a different lawsuit against Defendants and/or the Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $1,000,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Lead Plaintiffs may ask the Court to award up to $60,000 in the aggregate for their time and expenses incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Waste Management Notes Securities Settlement*.  Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and the type and face value of the WM Notes you purchased, acquired, or sold during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected.  You must also include copies of documents demonstrating your purchases, other acquisitions, and/or sales of WM Notes during the Class Period.  Your comment or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than _____, 2025:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007-1312 | ROBBINS GELLER RUDMAN  & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA 92101 | BAKER BOTTS L.L.P. Attn: David D. Sterling 910 Louisiana Street Houston, TX 77002 |

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the other Released Defendant Parties. If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend the hearing and speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at ___ _.m., on _____, **2025**, in the Courtroom of the Honorable Lorna G. Schofield, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Lead Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or video conference, without further written notice to the Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members

- 13 -

(who wish to attend the hearing) must or may participate by telephone or video conference, it is important that you monitor the Court's docket or the website, www.WasteManagementSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website. Accordingly, please continue to check the Settlement website for important updates.

| 19. | Do I have to come to the Settlement Hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the Settlement Hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Waste Management Notes Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than _____, 2025**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

**IF YOU DO NOTHING**

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in this case.

- 14 -

**GETTING MORE INFORMATION**

| 22. | How do I get more information? |
|-----|--------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-333-4592 or by email at info@wastemanagementsettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.WasteManagementSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

**THE PROPOSED PLAN OF ALLOCATION OF NET
SETTLEMENT FUND AMONG CLASS MEMBERS**

| 23. | How will my claim be calculated? |
|-----|----------------------------------|

As discussed above, the Settlement provides $30 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees, expenses, or amounts approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.WasteManagementSettlement.com.

1. The Settlement Amount of $30,000,000 together with any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

2. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

3. In this case, Lead Plaintiffs allege that Defendants made materially false and misleading statements and/or omissions during the Class Period, which had the effect of artificially inflating the trading prices of four debt securities issued by Waste Management in May 2019 (the CUSIPs for the four debt securities (collectively, the "Notes" or "WM Notes") were: (i)

- 15 -

94106LBF5 (the "LBF5 Notes"); (ii) 94106LBH1 (the "LBH1 Notes"); (iii) 94106LBG3 (the "LBG3 Notes"); and (iv) 94106LBJ7 (the "LBJ7 Notes")). Lead Plaintiffs allege that corrective information was released to the market, resulting in potentially recoverable damages ("Corrective Disclosure") on June 24, 2020. Pursuant to this Plan of Allocation, Class Members may have a claim under Section 10(b) ("10(b) Claims") of the Securities Exchange Act of 1934 ("Exchange Act"). With regard to Section 10(b) Claims, the Plan of Allocation is intended to compensate investors who purchased or otherwise acquired the WM Notes during the Class Period, held through the issuance of the Corrective Disclosure, and have a "Recognized Loss Amount" as described below.

4.      The Plan of Allocation is not a formal damage analysis. The Recognized Loss Amount is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount a Class Member will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per note amounts for Class Period note purchases and sales as well as the statutory PSLRA 90-day look-back amount.[4]

5.      The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the prices of the WM Notes that was allegedly proximately caused by Defendants' allegedly materially false and misleading statements and/or omissions. In calculating the estimated impact allegedly caused by those misrepresentations and/or omissions, Lead Plaintiffs' damages expert considered the price changes in the WM Notes

---

[4]   "In any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1). Further, where the security is sold during the 90-day period, the statute provides: "the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security." 15 U.S.C. §78u-4(e)(2). Consistent with the foregoing, the Recognized Loss Amounts for the WM Notes are reduced to an appropriate extent by taking into account the value weighted average prices of the WM Notes during the applicable portion of the 90-day look-back period. The mean (average) prices for the WM Notes during the applicable portion of this 90-day look-back period are shown in Table 1.

in reaction to the Corrective Disclosure, adjusting the price changes for factors that were attributable to market or industry forces, and for non-fraud-related Company specific information.[5]

6.    Based on the formulas set forth below, a Recognized Loss Amount will be calculated for each purchase or acquisition of the WM Notes during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculation yields a negative number or zero under the formula below, that Recognized Loss Amount will be zero.  A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of their Recognized Loss Amounts.

### Calculation of Recognized Loss Amount For Class Members With 10(b) Claims

7.    For each $100 of par of the LBF5 Notes purchased or otherwise acquired during the Class Period and:

(a)    Sold prior to June 24, 2020, the Recognized Loss Amount will be $0.00;

(b)    Sold or otherwise disposed of during the period June 24, 2020 through July 20, 2020, the Recognized Loss Amount per $100 of par will be *the least of*: (i) $2.97, the decline in inflation per $100 of par during the holding period, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average price between June 24, 2020 and the date of sale as stated in Table 1 below.

8.    For each $100 of par of the LBH1 Notes purchased or otherwise acquired during the Class Period and:

(a)    Sold prior to June 24, 2020, the Recognized Loss Amount will be $0.00;

(b)    Sold or otherwise disposed of during the period June 24, 2020 through July 20, 2020, the Recognized Loss Amount per $100 of par will be *the least of*: (i) $5.46, the decline in inflation per $100 of par during the holding period, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average price between June 24, 2020 and the date of sale as stated in Table 1 below.

9.    For each $100 of par of the LBG3 Notes purchased or otherwise acquired during the Class Period and:

(a)    Sold prior to June 24, 2020, the Recognized Loss Amount will be $0.00;

(b)    Sold or otherwise disposed of during the period June 24, 2020 through July 20, 2020, the Recognized Loss Amount per $100 of par will be *the least of*: (i) $5.41, the decline in inflation per $100 of par during the holding period, (ii) the purchase price minus the sale price,

---

[5]    In order to have recoverable damages under the federal securities laws, disclosures relating to the alleged misrepresentations and/or omissions must be a cause of the decline in the price of the security.

or (iii) the purchase price minus the average price between June 24, 2020 and the date of sale as stated in Table 1 below.

10.    For each $100 of par of the LBJ7 Notes purchased or otherwise acquired during the Class Period and:

(a)    Sold prior to June 24, 2020, the Recognized Loss Amount will be $0.00;

(b)    Sold or otherwise disposed of during the period June 24, 2020 through July 20, 2020, the Recognized Loss Amount per $100 of par will be the least of: (i) $3.14, the decline in inflation per $100 of par during the holding period, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average price between June 24, 2020 and the date of sale as stated in Table 1 below.

## TABLE 1

### Waste Management Notes' Average Prices

| Date | Average Price of LBF5 Notes Between June 24, 2020 and Date Shown | Average Price of LBH1 Notes Between June 24, 2020 and Date Shown | Average Price of LBG3 Notes Between June 24, 2020 and Date Shown | Average Price of LBJ7 Notes Between June 24, 2020 and Date Shown |
|---|---|---|---|---|
| 6/24/2020 | $102.39 | $102.33 | $102.51 | $107.86 |
| 6/25/2020 | $102.63 | $102.47 | $102.58 | $106.92 |
| 6/26/2020 | $102.76 | $102.79 | $103.51 | $103.62 |
| 6/29/2020 | $102.63 | $102.88 | $103.53 | $103.46 |
| 6/30/2020 | $102.56 | $102.73 | $103.28 | $103.62 |
| 7/1/2020 | $102.60 | $102.76 | $103.12 | $103.26 |
| 7/2/2020 | $102.54 | $102.72 | $103.08 | $103.02 |
| 7/6/2020 | $102.55 | $102.76 | $103.10 | $103.02 |
| 7/7/2020 | $102.54 | $102.78 | $103.13 | $103.02 |
| 7/8/2020 | $102.51 | $102.78 | $103.12 | $102.98 |
| 7/9/2020 | $102.46 | $102.79 | $103.12 | $102.98 |
| 7/10/2020 | $102.41 | $102.69 | $103.12 | $102.98 |
| 7/13/2020 | $102.40 | $102.69 | $103.06 | $102.66 |
| 7/14/2020 | $102.40 | $102.69 | $103.06 | $102.65 |
| 7/15/2020 | $102.40 | $102.69 | $103.06 | $102.64 |
| 7/16/2020 | $102.39 | $102.68 | $103.06 | $102.64 |
| 7/17/2020 | $102.39 | $102.68 | $103.06 | $102.64 |
| 7/20/2020 | $102.39 | $102.68 | $103.06 | $102.64 |

11.    For Class Members who held WM Notes at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First Out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes

- 18 -

of calculating a claim.  Under the FIFO method, sales of WM Notes during the Class Period will be matched, in chronological order, first against WM Notes held at the beginning of the Class Period.  The remaining sales of WM Notes during the Class Period will then be matched, in chronological order, against WM Notes purchased or acquired during the Class Period.

12.    A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in WM Notes described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of WM Notes that have been matched against WM Notes held at the beginning of the Class Period will not be used in the calculation of such net loss.  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  Distributions will be rounded to the nearest penny.

13.    If a claimant suffered an overall market loss with respect to their overall transactions in the WM Notes during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions in the WM Notes during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds.[7]

14.    A purchase, acquisition, or sale of WM Notes shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  All purchase, acquisition, and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise, or operation of law of WM Notes during the Class Period shall not be deemed a purchase, acquisition or sale of WM Notes for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such security unless specifically provided in the instrument of gift or assignment.  The receipt of WM Notes during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of WM Notes.

---

[6]  The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for the WM Notes purchased or otherwise acquired during the Class Period.

[7]  The Claims Administrator will match any sales (including any redemptions) of WM Notes from the start of the Class Period through July 20, 2020, first against the claimant's opening position (the proceeds of those sales, and/or redemptions, will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales (and/or redemptions) of WM Notes sold or otherwise disposed of from the start of the Class Period through July 20, 2020, will be the "Total Sales Proceeds."

15.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the WM Notes.  The date of a "short sale" is deemed to be the date of sale of the WM Notes.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has an opening short position in WM Notes, their earliest Class Period purchases or acquisitions of WM Notes will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

16.    Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to non-sectarian, not for profit charitable organization(s), serving the public interest selected by Lead Counsel.

17.    Please contact the Claims Administrator if you disagree with any determination made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

18.    The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

19.    Payment pursuant to the Plan of Allocation set forth above or such other plan as may be approved by the Court for this Settlement shall be conclusive against all Authorized Claimants.  Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

20.    All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or acquired WM Notes during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including

email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free at 1-888-333-4592, and may be downloaded from the Settlement website, www.WasteManagementSettlement.com.

*Waste Management Notes Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170

DATED: _____        _____
                                BY ORDER OF THE COURT
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

In re WASTE MANAGEMENT SECURITIES :   Civil Action No. 1:22-cv-04838-LGS
LITIGATION                               :

                                                :   <u>CLASS ACTION</u>

                                                  :   PROOF OF CLAIM AND RELEASE

                                                  :   EXHIBIT A-2

——————————————————————— x

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page ___ hereof, sign this Proof of Claim.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2025**, ADDRESSED AS FOLLOWS:

*Waste Management Notes Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170
Online Submissions:
www.WasteManagementSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Proof of Claim.

4.    If you are a Class Member and you do not timely request exclusion from the Class, you will be bound by the terms of any judgment entered in the Litigation, including the Releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

---

[1]    This Proof of Claim and Release form ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement dated July 10, 2025 (the "Stipulation"), which can be obtained at www.WasteManagementSettlement.com.

5.      If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Litigation WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM, unless you submit a request for exclusion from the Class.  Thus, if you are a Class Member, the Judgment will release the Released Defendant Parties from all Released Plaintiffs' Claims, and you will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a Member of the Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Proof of Claim with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Proof of Claim does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

## II.    CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired any of the following WM Senior Notes in one or more domestic transactions between February 13, 2020 and June 23, 2020, inclusive (the "Class Period"), and are not otherwise excluded from the Class: (i) 2.95% Senior Notes due 2024 (CUSIP 94106LBF5); (ii) 3.20% Senior Notes due 2026 (CUSIP

94106LBH1); (iii) 3.45% Senior Notes due 2029 (CUSIP 94106LBG3); or (iv) 4.00% Senior Notes due 2039 (CUSIP 94106LBJ7).

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee") of the WM Notes that forms the basis of this claim. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF WM NOTES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim. If you purchased or otherwise acquired WM Notes during the Class Period and held the Notes in your name, you are the beneficial owner as well as the record owner and you must sign this Proof of Claim to participate in the Settlement. If, however, you purchased or otherwise acquired WM Notes during the Class Period and the Notes were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these Notes, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Proof of Claim.

Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. Specifically, they must: (i) expressly state the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or full taxpayer identification number), address, and telephone number of the beneficial owner of (or other Person or entity on whose behalf they are acting with respect to) the WM Notes; and (iii) furnish herewith evidence of their authority to bind the Person on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be

established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another Person's accounts.)

The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in the rejection of the claim.

You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the WM Notes set forth in the "Schedule of Transactions" in Part II of this Proof of Claim. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Settling Parties and the Claims Administrator do not independently have information about your investments in WM Notes. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Proof of Claim or any supporting documents.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity

has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in WM Notes during the Class Period).

By submitting a signed Proof of Claim, you will be swearing that you: (i) own(ed) the WM Notes you have listed in the Proof of Claim; or (ii) are expressly authorized to act on behalf of the owner thereof.

By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

**If you have questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Claims Administrator, c/o Verita Global at P.O. Box 301170, Los Angeles, CA 90030-1170 or by email at info@wastemanagementsettlement.com, or by toll-free phone at 1-888-333-4592, or you may download the documents from the Settlement website, www.WasteManagementSettlement.com**.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in WM Notes" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases, acquisitions, and sales of the relevant WM Notes that took place between February 13,

2020 and July 20, 2020, inclusive, whether such transactions resulted in a profit or a loss.[2]  You must also provide all of the requested information with respect to the face value and type of WM Notes you held at the opening of trading on February 13, 2020, and the close of trading on July 20, 2020.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN WM NOTES SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM.    FAILURE    TO    PROVIDE    THIS    DOCUMENTATION    COULD    DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN WM NOTES**.

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  This is different from the online submission process that is available at www.WasteManagementSettlement.com.  All claimants MUST submit a manually signed paper

---

[2]    Information requested about your purchases/acquisitions on June 24, 2020 through and including July 20, 2020 is needed only for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases/acquisitions during this period are not eligible for a recovery because they are outside the Class Period.

Proof of Claim whether or not they also submit electronic copies.  If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the required file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  Only one claim should be submitted for each separate legal entity, and the complete name of the beneficial owner(s) of the securities must be entered where called for.  Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner).  The third party filer shall not be the payee of any distribution payment or electronic distribution payment.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re Waste Management Securities Litigation*

No. 1:22-cv-04838-LGS

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**_____, 2025**

<u>Please Type or Print</u>

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN WM NOTES.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.

**PART I: CLAIMANT IDENTIFICATION**

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

M.I.

First Name (Co-Beneficial Owner)

○ IRA     ○ Joint Tenancy     ○ Employee     ○ Individual     ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number

or

Taxpayer Identification Number

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City

State

Zip Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

- 8 -

PART II:       SCHEDULE OF TRANSACTIONS IN WM NOTES

**WM 2.95% Senior Notes due 2024 (CUSIP 94106LBF5) (the "LBF5 Notes")**

A.       Quantity (par value) of LBF5 Notes held at the opening of trading on February 13, 2020 (must be documented).  If none, write "zero" or "0":

Proof Enclosed?

◯ Y
◯ N

B.       Purchases or acquisitions of LBF5 Notes between February 13, 2020 and July 20, 2020, inclusive:

| Trade Date Month Day Year | Quantity of LBF5 Notes Purchased or Acquired (Par Value) | Total Purchase or Acquisition Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.       Sales or dispositions of LBF5 Notes between February 13, 2020 and July 20, 2020, inclusive:

| Trade Date Month Day Year | Quantity of LBF5 Notes Sold or Disposed of (Par Value) | Total Sales Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.       Quantity (par value) of LBF5 Notes held at the close of trading on July 20, 2020 (must be documented).  If none, write "zero" or "0":

**WM 3.20% Senior Notes due 2026 (CUSIP 94106LBH1) (the "LBH1 Notes")**

A.  Quantity (par value) of LBH1 Notes held at the opening of trading on February 13, 2020 (must be documented).  If none, write "zero" or "0":

Proof Enclosed?
◯ Y
◯ N

B.  Purchases or acquisitions of LBH1 Notes between February 13, 2020 and July 20, 2020, inclusive:

| Trade Date Month Day Year | Quantity of LBH1 Notes Purchased or Acquired (Par Value) | Total Purchase or Acquisition Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.  Sales or dispositions of LBH1 Notes between February 13, 2020 and July 20, 2020, inclusive:

| Trade Date Month Day Year | Quantity of LBH1 Notes Sold or Disposed of (Par Value) | Total Sales Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.  Quantity (par value) of LBH1 Notes held at the close of trading on July 20, 2020 (must be documented).  If none, write "zero" or "0":

**WM 3.45% Senior Notes due 2029 (CUSIP 94106LBG3) (the "LBG3 Notes")**

A.    Quantity (par value) of LBG3 Notes held at the opening of trading on February 13, 2020 (must be documented).  If none, write "zero" or "0":

Proof Enclosed?
◯ Y
◯ N

B.    Purchases or acquisitions of LBG3 Notes between February 13, 2020 and July 20, 2020, inclusive:

| Trade Date Month Day Year | Quantity of LBG3 Notes Purchased or Acquired (Par Value) | Total Purchase or Acquisition Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.    Sales or dispositions of LBG3 Notes between February 13, 2020 and July 20, 2020, inclusive:

| Trade Date Month Day Year | Quantity of LBG3 Notes Sold or Disposed of (Par Value) | Total Sales Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Quantity (par value) of LBG3 Notes held at the close of trading on July 20, 2020 (must be documented).  If none, write "zero" or "0":

**WM 4.00% Senior Notes due 2039 (CUSIP 94106LBJ7) (the "LBJ7 Notes")**

A.    Quantity (par value) of LBJ7 Notes held at the opening of trading on February 13, 2020 (must be documented).  If none, write "zero" or "0":

Proof Enclosed?

☐☐☐☐☐☐☐    ○ Y
              ○ N

B.    Purchases or acquisitions of LBJ7 Notes between February 13, 2020 and July 20, 2020, inclusive:

| Trade Date Month Day Year | Quantity of LBJ7 Notes Purchased or Acquired (Par Value) | Total Purchase or Acquisition Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

C.    Sales or dispositions of LBJ7 Notes between February 13, 2020 and July 20, 2020, inclusive:

| Trade Date Month Day Year | Quantity of LBJ7 Notes Sold or Disposed of (Par Value) | Total Sales Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Quantity (par value) of LBJ7 Notes held at the close of trading on July 20, 2020 (must be documented).  If none, write "zero" or "0":

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

- 12 -

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, other acquisitions, or sales of WM Notes during the relevant period and know of no other Person having done so on my (our) behalf.

## V.   RELEASE

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, relinquish, discharge, and dismiss from the Released Plaintiffs' Claims each and all of the "Released Defendant Parties," defined as any or all of Defendants and Leslie Nagy and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such.

2.   "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, foreign or other applicable law, rule, or regulation that Lead Plaintiffs or

- 13 -

any other Member of the Class (i) asserted in any complaint filed in the Litigation, or could have asserted or could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions, involved, set forth, or referred to in any complaint filed in the Litigation and (ii) that arise out of or relate to the purchase or acquisition of the WM Notes during the Class Period.  This release does not cover, include, or release (i) any claims relating to the enforcement of the Settlement or (ii) any claims of any Person that submitted an effective request for exclusion from the Class.

3.    "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead

- 15 -

Plaintiffs, the Class, and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4.      These Releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

### CERTIFICATION

By signing and submitting this Proof of Claim, the claimant(s) or the Person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.      I (We) have read and understand the contents of the Notice and this Proof of Claim, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      The claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded from the Class by definition or pursuant to a request for exclusion as set forth in the Notice;

3.      I (We) own(ed) the WM Notes identified in the Proof of Claim and have not assigned the claim against the Released Defendant Parties to another, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      The claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of WM Notes, and knows (know) of no other Person having done so on the claimant's (claimants') behalf;

5.      The claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

6.      I (We) agree to furnish such additional information with respect to this Proof of Claim as Lead Counsel, the Claims Administrator, or the Court may require;

7.      The claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Proof of Claim;

8.      I (We) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

9.      The claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (i) the claimant(s) is (are) exempt from backup withholding; or (ii) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends; or (iii) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. If the IRS has notified the claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH

ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE EXECUTED THIS

_____ DAY OF _____ in _____    _____

(Month/Year)                    (City)                          (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of Person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation.

3.      **Do not send** originals of certificates or other documentation as they will not be returned.

4.      Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.      If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.      If you move, please send your new address to the address below.

7.      **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO
LATER THAN _____, 2025, ADDRESSED AS FOLLOWS:**

*Waste Management Notes Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170
Online Submissions:
www.WasteManagementSettlement.com

- 19 -

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In re WASTE MANAGEMENT SECURITIES :   Civil Action No. 1:22-cv-04838-LGS
LITIGATION                        :

                           :   <u>CLASS ACTION</u>

                           :

                           :   SUMMARY NOTICE OF PENDENCY AND
                           :   PROPOSED SETTLEMENT OF CLASS
                           :   ACTION

                           :

                           x   EXHIBIT A-3

————————————————————

**TO:    ALL PERSONS WHO BETWEEN FEBRUARY 13, 2020 AND JUNE 23, 2020, INCLUSIVE, PURCHASED OR OTHERWISE ACQUIRED IN DOMESTIC TRANSACTIONS CERTAIN REDEEMABLE SENIOR NOTES ISSUED BY WASTE MANAGEMENT, INC. IN MAY 2019**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain Persons who are excluded from the Class by definition as set forth in the Stipulation of Settlement dated July 10, 2025 (the "Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice").  The Stipulation and Notice can be viewed at www.WasteManagementSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan ("Lead Plaintiffs"), and defendants Waste Management, Inc. ("WM"), James C. Fish, Jr., John J. Morris, and Devina A. Rankin ("Defendants") have reached a proposed settlement of the Litigation on behalf of the Class for $30 million in cash (the "Settlement").  If approved by the Court, the Settlement will resolve all claims in the Litigation.

**YOU ARE ALSO HEREBY NOTIFIED** that a hearing will be held on _____, 2025, at __:__ _.m., before the Honorable Lorna G. Schofield at the United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, to determine whether: (1) the Settlement of the Litigation as set forth in the Stipulation for $30 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the

- 1 -

Litigation with prejudice; (3) to award Lead Counsel's attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice) and, if so, in what amount; (4) to award Lead Plaintiffs their costs and expenses in representing the Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or videoconference, without further written notice to the Class. It is important that you check the Settlement website, www.WasteManagementSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED ANY OR ALL OF THE FOLLOWING WM REDEEMABLE SENIOR NOTES: (i) 2.95% SENIOR NOTES DUE 2024 (CUSIP 94106LBF5); (ii) 3.20% SENIOR NOTES DUE 2026 (CUSIP 94106LBH1); (iii) 3.45% SENIOR NOTES DUE 2029 (CUSIP 94106LBG3); or (iv) 4.00% SENIOR NOTES DUE 2039 (CUSIP 94106LBJ7), BETWEEN FEBRUARY 13, 2020 AND JUNE 23, 2020, INCLUSIVE, IN ONE OR MORE DOMESTIC TRANSACTIONS, AND WERE DAMAGED THEREBY, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later**

- 2 -

**than _____, 2025)** or electronically via the Settlement website **(no later than _____, 2025)**.  Failure to submit your Proof of Claim by _____, 2025, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation.  If you are a Class Member and do not request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.WasteManagementSettlement.com, or by writing to:

*Waste Management Notes Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (800) 449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____,** **2025**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  IF YOU PROPERLY

- 3 -

EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT. EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST DEFENDANTS CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 33-1/3% OF THE $30 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $1,000,000, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE REQUEST FOR AN AWARD TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4).  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY                    , 2025**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A-4

**<u>LEGAL NOTICE</u>**
*In re Waste Management Securities Litigation*
No. 1:22-cv-04838-LGS
c/o Verita Global
P.O. Box 301170
Los Angeles, CA 90030-1170

www.WasteManagementSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.


**[INCLUDE BARCODE FOR WEBSITE]**

THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.WASTEMANAGEMENTSETTLEMENT.COM OR CALL 1-888-333-4592 FOR MORE INFORMATION.

If you purchased or otherwise acquired any of the following Waste Management, Inc. ("WM") redeemable senior notes, in one or more domestic transactions between February 13, 2020, and June 23, 2020, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation"): (i) 2.95% Senior Notes due 2024 (CUSIP 94106LBF5); (ii) 3.20% Senior Notes due 2026 (CUSIP 94106LBH1); (iii) 3.45% Senior Notes due 2029 (CUSIP 94106LBG3); or (iv) 4.00% Senior Notes due 2039 (CUSIP 94106LBJ7) (the "WM Notes").  Your rights may be affected by this Litigation and the Settlement.  A hearing will be held on _____, 2025, at __:__ _.m., at the United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 ("Settlement Hearing"), before the Honorable Lorna G. Schofield, to determine whether the proposed Settlement of the Litigation against Defendants WM, James C. Fish, Jr., John J. Morris, and Devina A. Rankin for $30 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Litigation should be dismissed with prejudice against Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 33-1/3% of the Settlement Amount, and expenses not to exceed $1,000,000, plus interest on both amounts, and an award to Lead Plaintiffs, should be granted.

If approved, the Settlement will resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, the Defendants misled investors by making materially false and misleading statements and failing to disclose material information, which caused the WM Notes to trade at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing the value of the WM Notes to fall.  Defendants deny the allegations and any liability or wrongdoing of any kind.  For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.WasteManagementSettlement.com ("Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *Waste Management Notes Securities Settlement*, c/o Verita Global, P.O. Box 301170, Los Angeles, CA 90030-1170, or (ii) toll-free call: 1-888-333-4592.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2025.  Your *pro rata* share of the Settlement will depend on the number of valid claims, and the notes purchased or acquired, size, and timing of your transactions in the WM Notes.  Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

You will be bound by any judgment or order entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class.  If you exclude yourself from the Class, you cannot get money from this Settlement.  If you are a Class Member and do not exclude yourself from the Class, you may object to the proposed Settlement, Plan of Allocation, and/or request for award of attorneys' fees

- 2 -

and expenses and an awards to Lead Plaintiffs no later than _____, 2025.  The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Lead Plaintiffs and the Class are represented by Lead Counsel:  Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Settlement Hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
In re WASTE MANAGEMENT SECURITIES :    Civil Action No. 1:22-cv-04838-LGS
LITIGATION                        :
                                      :    CLASS ACTION
                                      :
                                      :    [PROPOSED] FINAL JUDGMENT AND
                                      :    ORDER OF DISMISSAL WITH PREJUDICE
                                      :
                                      :    EXHIBIT B
———————————————————— x

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____, 2025, on the application of Lead Plaintiffs Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan for approval of the Settlement set forth in the Stipulation of Settlement dated July 10, 2025 (the "Stipulation").  Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction to enter this Order, over the subject matter of the Litigation, and over all of the Parties to the Litigation and all Members of the Class.

3.      Excluded from the Class is any Person who properly excluded himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion, as identified in Exhibit 1 hereto.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)      in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)      Lead Plaintiffs and Lead Counsel have adequately represented the Class;

- 1 -

(c)     there was no collusion in connection with the Stipulation;

(d)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e)     the relief provided for the Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure;

(f)     the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g)     the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their respective positions.

5.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6.      The terms of the Stipulation and of this Judgment shall be forever binding on the Released Defendant Parties, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

7.      Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, resolved, compromised, settled, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

8.      Upon the Effective Date, and as provided in the Stipulation, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or other proceeding in any forum (including, but not limited to, any state or federal court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.      Upon the Effective Date, the Releasing Plaintiff Parties shall be deemed to have covenanted not to sue any Released Defendant Parties on the basis of any Releasing Plaintiffs' Claims or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Plaintiffs' Claim against any Released Defendant Parties.  The foregoing release is given regardless of whether Lead Plaintiffs or any Class Member: (i) executed and delivered a Proof of Claim; (ii) received the Notice; (iii) participated in the Settlement Fund;  (iv) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Lead Counsel for attorneys' fees and expenses; or (v) had their claims approved or allowed.  Nothing contained herein shall bar any action or claim to enforce the terms of the Stipulation or this Judgment.

10.     Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, resolved, compromised, settled, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Releasing Plaintiff Parties. Claims to enforce the terms of the Stipulation or this Judgment are not released.

11.     The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Litigation.

12.     Neither this Judgment nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be offered against the Released Defendant Parties or the Releasing Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Parties as to the truth of any facts alleged, validity, merit, or deficiency of any claim or defense that was or could have been asserted in this Litigation, that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation.

13.     The notice of the pendency and proposed Settlement of the Litigation given to the Class was the best notice practicable under the circumstances, including the individual notice to

- 4 -

all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

14.    The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Released Defendant Party shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15.    Any Plan of Allocation submitted by Lead Counsel, any order entered regarding any attorneys' fee and expense application, or award to Lead Plaintiffs shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim, or of any wrongdoing or liability of the Defendants or Defendants' Released Persons; (b) is, or shall be deemed to be, or shall be used as an admission of any fault or

- 5 -

omission of any Released Defendant Party in any statement, release, or written documents issued, filed, or made; or (c) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Defendants' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Released Defendant Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) hearing and determining applications for approval of the Plan of Allocation; and (e) all Parties herein for the purpose of construing, enforcing, and administering the Stipulation.

18.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and litigation expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19.     The Court's orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement.

20.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and Releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of May 8, 2025, as provided in the Stipulation.

21.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED:  _____     _____
                                    THE HONORABLE LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE

Exhibit 1

List of Persons Excluded from the Class Pursuant to Request