UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re WASTE MANAGEMENT SECURITIES LITIGATION : : : : : : : : : : : | Civil Action No. 1:22-cv-04838-LGS<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, an action is pending before this Court entitled *In re Waste Management Securities Litigation*, No. 1:22-cv-04838-LGS (S.D.N.Y.) (the "Litigation");

WHEREAS, Lead Plaintiffs Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan ("Lead Plaintiffs") having made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated July 10, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein, and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court hereby preliminarily approves the Settlement set forth in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

2. The Court preliminarily finds that: (a) the Settlement resulted from serious, extensive arm's-length and non-collusive negotiations between experienced counsel following mediation with an experienced mediator; (b) the proposed Settlement eliminates risks to the Settling Parties of continued litigation; (c) ~~the proposed Settlement does not provide undue preferential treatment to Lead Plaintiffs or to segments of the Class; (d) the proposed Settlement~~

~~does not provide excessive compensation to Lead Counsel; (e)~~ the proposed Settlement falls within a range of reasonableness warranting final approval and has no obvious deficiencies and is sufficiently reasonable and adequate to the Class;[1] and (d) ~~(f)~~ warrants notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.  A hearing (the "Settlement Hearing") shall be held before this Court on <u>December 16, 2025</u>, at 2:30 p.m., at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 1106, New York, New York 10007, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.14 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Lead Plaintiffs; and (e) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed

---

[1] The "Class" is defined as all Persons who purchased or otherwise acquired any of the following WM redeemable senior notes, between February 13, 2020 and June 23, 2020, inclusive, in one or more domestic transactions, and were damaged thereby: (i) 2.95% Senior Notes due 2024 (CUSIP 94106LBF5); (ii) 3.20% Senior Notes due 2026 (CUSIP 94106LBH1); (iii) 3.45% Senior Notes due 2029 (CUSIP 94106LBG3); or (iv) 4.00% Senior Notes due 2039 (CUSIP 94106LBJ7). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any Persons who exclude themselves by submitting a valid and timely request for exclusion which is accepted by the Court.

Settlement. The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed ~~hereto~~ to Dkt. No. 153 as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-dedicated website, substantially in the manner and form set forth in ¶6 of this Order, meet the requirements of Rule 23 Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.*, which shall be paid by Defendants, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

6. The firm of Verita Global ("Verita" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a) Not later than <u>September 16, 2025</u> (the "Notice Date") (a date twenty-one (21) calendar days after entry by this Court of this Order), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-

Class Mail (where an email is unavailable) to all potential Class Members who can be identified with reasonable effort, shall cause a copy of the Postcard Notice to be mailed to nominees, and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.WasteManagementSettlement.com.  For all notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

    (b) Not later than <span style="color:red;text-decoration:underline">September 23, 2025</span> (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

<span style="color:red;text-decoration:underline">December 9, 2025</span> <span style="color:red">(seven (7) calendar days prior to the Settlement Hearing),</span>

    (c) Not later than ~~seven (7) calendar days prior to the Settlement Hearing,~~ Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

    7. Nominees who purchased or otherwise acquired WM Notes during the Class Period for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (b) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including

the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

8. Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be mailed or submitted electronically no later than November 21, 2025 ~~(a date ninety (90) calendar days from the Notice Date)~~.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel may, in its discretion,

accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

10.     Any Class Member may enter an appearance in the Litigation, at his, her, its, or their own expense, individually or through counsel of his, her, it, or their own choice.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

11.     Any Member of the Class who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth herein.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than November 25, 2025.  A Request for Exclusion must provide: (a) the name, address, email address, and telephone number of the Person requesting exclusion; (b) a list identifying the dates and the face value and type of WM Notes purchased or otherwise acquired and sold during the Class Period and the price paid for each such purchase or acquisition and received for each such sale; and (c) a statement that the Person wishes to be excluded from the Class, signed by the person or entity requesting exclusion or an authorized representative.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment in the Litigation, including, without limitation, the Judgment.  Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired WM Notes during the Class Period who fails to timely request exclusion from the Class in compliance with each of the provisions in this paragraph shall be: (a) deemed to have waived his, her, its, or

their right to be excluded from the Class; (b) barred from requesting exclusion from the Class; (c) bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Proofs of Claim may be accepted for processing as set forth in ¶9.  Any Person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Litigation, and shall not receive any payment out of the Net Settlement Fund.

12. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event later than three (3) calendar days from receipt thereof, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

13. Any Class Member who or which does not request exclusion from the Class may file a written objection to the Settlement and show cause why the Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why the requested amount of attorneys' fees and expenses should or should not be awarded to counsel, or why the requested amount should or should not be awarded to Lead Plaintiffs, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections

and copies of any papers and briefs such that they are received, not simply postmarked, on or before November 25, 2025, by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Baker Botts L.L.P., Attn: David D. Sterling, 910 Louisiana Street, Houston, Texas 77002, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of New York, on or before November 25, 2025.  Any Class Member who does not make his, her, its, or their objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

14.    Any objections, filings, and other submissions by an objecting Class Member must: (a) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (b) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (c) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, other acquisitions, and sales of WM Notes during the Class Period,

including the dates and the type and face value of the WM Notes purchased, acquired, or sold, and the price paid or received for each such purchase, acquisition, or sale; and (d) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected.

15. Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, this Order, and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

16. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses, including an award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), shall be filed and served no later than November 10, 2025. Replies to any objections shall be filed and served no later than December 9, 2025.

18. Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any

order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

20. All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.13 or 2.15 of the Stipulation.

21. Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22. Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other action, or of

any liability, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Releasing Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasing Plaintiff Parties or Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Defendant Parties, the Releasing Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.  The Released Defendant Parties, the Releasing Plaintiff Parties, and each of their counsel may file the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of May 8, 2025.

24.     Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

IT IS SO ORDERED.

DATED:  August 26, 2025
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**