# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re NYSE SPECIALISTS SECURITIES LITIGATION | : | Master File No. 03-CV-8264(RWS) |
|  | : | CLASS ACTION |
| This Document Relates To: | : |  |
| ALL ACTIONS. | : |  |
|  | : |  |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/10/13

[PROPOSED] AMENDED FINAL ORDER AND JUDGMENT

This matter came for a duly-noticed hearing on May 22, 2013 (the "Final Approval Hearing"), upon the Motion for Final Approval of Settlements and Plan of Allocation of Settlements' Proceeds, and Award of Attorneys' Fees and Expenses filed in the above-captioned matter (the "Class Action"), which was filed by Lead Plaintiff and Class Representative California Public Employees' Retirement System ("CalPERS" or "Lead Plaintiff") and Named Plaintiff and Class Representative Market Street Securities (collectively "Plaintiffs"), on behalf of the class certified in the above-captioned matter (the "Class"), and was joined by defendants Bear Wagner Specialists LLC; Bear, Stearns & Co., Inc.; FleetBoston Financial Corp.; Fleet Specialist, Inc.; Bank of America Corp.; Quick & Reilly, Inc.; LaBranche & Co. Inc.; LaBranche & Co. LLC; George M. L. LaBranche, IV; Performance Specialist Group, LLC; Spear, Leeds & Kellogg Specialists LLC; Spear, Leeds & Kellogg, L.P.; Goldman, Sachs & Co.; The Goldman Sachs Group, Inc.; SIG Specialists, Inc. and Susquehanna International Group, LLP (collectively, the "Settling Defendants" and such defendants that were specialists on the New York Stock Exchange during the Class Period being the "Specialist Defendants"). Due and adequate notice of the Stipulation of Settlement dated October 24, 2012 (the "Settlement Agreement"), having been given to the members of the Class, the

839646_3

Final Approval Hearing having been held and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, and a determination having been made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no justification for delay, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      This Final Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.      For purposes of this Settlement, the Court hereby finally certifies the Class, as defined in the Court's March 14, 2009, Order granting class certification as: all Persons who submitted orders (directly or through agents) to purchase or sell NYSE-listed securities during the Class Period, which orders were listed on the Specialists' Display Book and subsequently disadvantaged by the Settling Defendants. Excluded from the class are the Settling Defendants, members of the immediate family of each of the individual Settling Defendants, any person, firm, trust, or corporation that controls or is controlled by any Specialist Defendant (an "Affiliate"), any officers or directors of any Settling Defendant, and the legal representatives, agents, heirs, successors-in-interest or assigns of any excluded party, in their capacity as such. Notwithstanding the foregoing, the exclusion set forth herein shall not include any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Settling Defendant has or may have a direct or indirect interest, or as to which its Affiliates may act as an investment advisor to, but in which the Settling Defendant or any of its Affiliates is not a majority owner or does not hold a majority beneficial interest. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil

- 2 -

839646_3

Procedure have been satisfied and the Class Action has been properly maintained according to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("Rule 23(a)" and "Rule 23(b)(3)," respectively).

3.     This Court has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action.

4.     The Court finds that due process and adequate notice have been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Class, notifying the Class of, among other things, the pendency of the Class Action and the proposed Settlement.

5.     The notice provided was the best notice practicable under the circumstances and included individual notice to those members of the Class who could be identified through reasonable efforts. The Court finds that notice was also given by publication in two publications, as set forth in the Declaration of Ronald A. Bertino of Heffler Claims Group, LLC dated May 14, 2013. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process of law, and applicable law.

6.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Class Members of their right to object to the Settlement, the Plan of Allocation, and Lead Counsel's right to apply for attorneys' fees and expenses associated with the Class Action. A full and fair opportunity was accorded to all members of the Class to be heard with respect to the foregoing matters.

7.     The Court finds that one Class Member has requested exclusion from the Class pursuant to the Notice.

- 3 -

839646_3

8. It is hereby determined that all members of the Class, (other than those expressly excluding themselves and who are listed on Exhibit A hereto (the "Excluded Class Members")), are bound by this Final Order and Judgment. The Excluded Class Members are hereby found to have properly excluded themselves from the Class. Any Class Member that requested exclusion from the Class, but that is not included on Exhibit A hereto as an Excluded Class Member is hereby found not to have complied with the requirements of this Court's Order of November 20, 2012, preliminarily approving the Settlement and shall be bound by this Final Order and Judgment.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class, including Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. In addition, the Court recognizes that the Parties participated in mediation sessions before the Honorable Daniel Weinstein (Ret.), which resulted in the reaching of the Settlement. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. The Settlement Fund has been established as an interest-bearing escrow account. The Court further approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund pursuant to Internal Revenue Code Section 4688 and the Treasury Regulations promulgated thereunder.

11. The Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and the enforcement of this Final

839646_3

Order and Judgment. The Court also retains exclusive jurisdiction, except to the extent the Parties have committed certain issues to resolution by the mediator, to resolve any disputes that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, and to consider or approve the amounts of distributions to members of the Class.

12. The Court hereby approves the release of the Released Class Claims as against the Defendant Released Persons as set forth in the Settlement Agreement. Under the terms and conditions set forth in the Settlement Agreement, any and all actions, claims, debts, demands, causes of action and rights, and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), including, without limitation, any claims, causes of action and rights that relate in any way to any violation of state, federal, or any foreign jurisdiction's securities laws, any misstatement, omission, or disclosure (including, but not limited to, those in financial statements), any breach of duty, any negligence or fraud, or any other alleged wrongdoing or misconduct by any Defendant Released Persons, including both known claims and Unknown Claims, against any Defendant Released Persons, belonging to the Class Releasing Persons, based on a Class Member's orders which were placed through the DOT System and/or could have been or might have been asserted in the Class Action or any forum in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, any allegation, transaction, fact, matter, occurrence, representation, action, omission, or failure to act that was alleged, involved, set forth, referred to, or that could have been alleged in the Class Action, including any allegations that DOT System orders involving stocks traded on the NYSE were affected by actual or claimed frontrunning, trading ahead, interpositioning, or other alleged violations relating to such transactions or orders are hereby released and forever

- 5 -

discharged. Each Class Releasing Person is hereby barred from suing or otherwise seeking to establish or impose liability against any of the Defendant Released Persons based, in whole or in part, on any of the Released Class Claims. Each Class Releasing Person is also hereby found to have expressly waived and released (1) any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code, which provides that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

and (2) any and all provisions or rights conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Each Class Releasing Person may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Released Class Claims, but each Class Releasing Person fully, finally, and forever settles and releases any and all Released Class Claims (including Unknown Claims), known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The releases given by the Class Releasing Persons shall be and remain in effect as full and complete releases of the claims set forth in the Class Action, notwithstanding the later discovery or existence of such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 9.2 of the Settlement Agreement, as if such facts or claims had been

- 6 -

839646_3

known at the time of this release. The Class Releasing Persons are hereby enjoined from asserting any of the Released Class Claims against any of the Defendant Released Persons.

13. The Court hereby approves the release of the Released Settling Defendants' Claims as against the Class Released Persons as set forth in the Settlement Agreement. Under the terms and conditions set forth in the Settlement Agreement, any and all actions, claims, debts, demands, causes of action and rights, and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, state, local statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims, that have been or could have been asserted against the Class Released Persons, belonging to the Defendant Releasing Persons, which arise out of or relate in any way to the institution, prosecution, or settlement of the Class Action, excluding any claims for breaches of the Settlement Agreement are hereby released and forever discharged. The Defendant Releasing Persons are hereby found to have waived and released (1) any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

and (2) any and all provisions or rights conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Defendant Releasing Persons may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Released Settling Defendants' Claims, but the Defendant Releasing Persons shall

- 7 -

839646_3

expressly fully, finally, and forever settle and release any and all Released Settling Defendants' Claims (including Unknown Claims), known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The releases given by the Defendant Releasing Persons shall be and remain in effect as full and complete releases of the claims set forth in the Class Action, notwithstanding the later discovery or existence of such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 9.3 of the Settlement Agreement, as if such facts or claims had been known at the time of this release. The Defendant Releasing Persons are hereby expressly enjoined from asserting any of the Released Settling Defendants' Claims against the Class Released Persons.

14.     The Settlement is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the Defendant Released Persons or of the truth of any of the claims or allegations alleged in the Class Action. The Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendant Released Persons, or of the truth of any of the claims or allegations, or of any damage or injury. Evidence of this Settlement or the negotiation of this Settlement shall not be discoverable or used directly or indirectly, in any way, whether in the

- 8 -

Class Action or in any other action or proceeding of any nature, except in connection with a dispute under this Settlement or an action in which this Settlement is asserted as a defense.

15.   The Court finds that during the course of the Class Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16.   Bar Order: The Court hereby (a) permanently bars, enjoins and restrains any person or entity from commencing, prosecuting, or asserting any Barred Claims against any of the Defendant Released Persons, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Class Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Defendant Released Persons from commencing, prosecuting, or asserting any Barred Claims against any person or entity, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, and whether asserted in the Class Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

17.   Judgment Reduction: Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order shall be reduced by the greater amount of: (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Defendants to the Class or Class Member for common damages.

839646_3

18.     The Plan of Allocation, which has been modified in part as summarized in the proposed letter from the settlement administrator attached hereto, is approved as fair, reasonable, and adequate.

19.     The Court has reviewed Lead Counsel's petition for an award of attorneys' fees and expenses. The Court has also reviewed the recommendation of the mediator, the Honorable Daniel Weinstein (Ret.), that Lead Counsel should be awarded $7,613,000.00 in attorneys' fees and $2,219,518.00 in expenses. The Court determines that the mediator's award is fair, reasonable, and adequate and Lead Counsel is hereby awarded $7,613,000.00 in attorneys' fees and $2,219,518.00 in expenses, to be paid by the Settling Defendants in accordance with the terms of the Settlement Agreement.

20.     If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

21.     There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Signed this 10 day of _____June_____, 2013, at the Courthouse for the United States District Court for the Southern District of New York.

_____
THE HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT COURT JUDGE

- 10 -