UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
| --- | --- | --- |
| In re WASTE MANAGEMENT SECURITIES LITIGATION | : | Civil Action No. 1:22-cv-04838-LGS |
|  | : | CLASS ACTION |
|  | : | |
|  | : | |
|  | x | DECLARATION OF LESLIE TARANTOLA |

I, LESLIE TARANTOLA, declare as follows:

1.      I am the General Counsel of Lead Plaintiffs Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan ("Lead Plaintiffs" or the "Pension Plans"). As General Counsel, I advise the Pension Plans on legal matters, including litigations such as the above-captioned action (the "Litigation" or "Action"). I, along with Margaret Bowen, the Trustee or Administrator of the Pension Plans, oversaw and monitored the litigation activities of lead counsel Robbins Geller Rudman & Dowd LLP ("Lead Counsel"), and served as Lead Counsel's primary points of contact. On behalf of the Pension Plans, I respectfully submit this declaration to provide the Court with a description of the Pension Plans' efforts in connection with the prosecution and resolution of this Action and to express the Pension Plans' support for the $30 million Settlement in this matter, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses ("Lead Counsel's Fee and Expense Application"), and the Pension Plans' request for an award pursuant to 15 U.S.C. §78u-4(a)(4).

A.      **The Pension Plans' Participation in the Litigation**

2.      On June 9, 2022, United Industrial Workers Pension Plan initiated this Litigation by filing a complaint. (ECF 1).

3.      On November 30, 2022, the Court appointed United Industrial Workers Pension Plan, along with Seafarers Officers & Employees Pension Plan and Seafarers Money Purchase Pension Plan, as Lead Plaintiffs. (ECF 33).

4.      On January 17, 2023, Lead Counsel filed an amended complaint, on behalf of the Pension Plans, asserting claims under the federal securities laws and seeking damages on behalf of purchasers of certain Waste Management, Inc. redeemable senior notes. (ECF 40).

5.      Throughout this Litigation, Margaret Bowen and I closely monitored and

- 1 -

participated in the prosecution of this Action on behalf of the Pension Plans and the Class. We reviewed significant filings in this matter, including the motion for appointment as lead plaintiff, the initial and amended complaints, the opposition to the motion to dismiss, the motion for class certification, and the briefs submitted in support of preliminary and final approval of the Settlement.

6.      Ms. Bowen and I received regular updates from Lead Counsel regarding discovery, the status of the litigation, and major case developments, including the Court's appointment of the Pension Plans as Lead Plaintiffs, defendants' motion to dismiss, class certification, mediation, and settlement negotiations.

7.      For each Pension Plan, Ms. Bowen and I collected and produced documents in response to defendants' discovery requests. We also prepared for and attended the August 2, 2024 deposition of Ms. Bowen, who served as the corporate representative for each Pension Plan. Additionally, we reviewed Ms. Bowen's deposition transcript for accuracy, and Ms. Bowen executed an errata sheet in connection therewith.

8.      With respect to the Settlement, Ms. Bowen and I engaged in numerous communications with Lead Counsel concerning settlement negotiations, including the mediations in this Action, the potential damages reasonably achievable in this Action, and the risks and benefits of proceeding with litigation or settling this matter.

**B.      The Pension Plans Support the Settlement, Lead Counsel's Fee and Expense Application, and the Plan of Allocation**

9.      After considering the merits of the case, the concrete and significant benefits of the Settlement, and the risks and uncertainties of continued litigation, Lead Plaintiffs authorized Lead Counsel to settle the Litigation for $30,000,000. Lead Plaintiffs believe the Settlement is fair and reasonable, represents an excellent recovery, and is in the best interest of the Class. Thus, Lead

Plaintiffs fully support the proposed Settlement.

10.    While Lead Plaintiffs recognize that any award of attorneys' fees and expenses will be decided by the Court, the Pension Plans believe that Lead Counsel's application for an award of 33-1/3% of the Settlement Amount and litigation expenses of $946,662.31 is fair, reasonable, and appropriate given the facts and circumstances of this case, including the quality of Lead Counsel's representation, the outstanding work performed by Lead Counsel, and the stage of the litigation when the Settlement was reached. Lead Plaintiffs believe the Settlement would not have been achieved without Lead Counsel's diligent and aggressive prosecution of this Action on behalf of the Class. Thus, Lead Plaintiffs fully support Lead Counsel's Fee and Expense Application.

11.    Lead Plaintiffs also support the proposed Plan of Allocation, which was developed in consultation with Lead Counsel's outside damages expert, as a fair and reasonable method of distributing the Settlement proceeds to Class Members.

### C.    The Pension Plans' Request for An Award

12.    I, along with Ms. Bowen, devoted a significant amount of time to representing the Class in this Action. My compensation rate is $235 per hour, and Ms. Bowen's rate is $215 per hour. Based on the Pension Plans' records, Ms. Bowen and I spent approximately 100 hours on this Litigation. In addition, the Pension Plans devoted other resources, including Information Technology staff who assisted in the collection of electronic discovery. The time spent on this Litigation included monitoring and participating in the Litigation; reviewing court filings; reviewing and responding to discovery requests; preparing for and providing deposition testimony; participating in numerous discussions with Lead Counsel regarding litigation developments and settlement strategy and negotiations, and undertaking the other various activities described in Section A above. This time would have been spent on other professional activities for the Pension Plans. Based on the foregoing, and our contribution to the favorable resolution of this Action on

- 3 -

behalf of the Class, I believe that an award of $10,000 to each Pension Plan is fair, reasonable, and appropriate.

13.    I respectfully request that the Court grant final approval of the Settlement, approve Lead Counsel's Fee and Expense Application, approve the Plan of Allocation, and award each Pension Plan $10,000 for the time Ms. Bowen and I spent representing the Class in this Action.

I declare under the penalty of perjury that the foregoing is true and correct.  Executed on this 6th day of November, 2025, at Camp Springs, Maryland.

LESLIE TARANTOLA

State of Maryland
County of Prince Georges
Sworn to and subscribed before me by Leslie Tarantola on the 6th day of November, 2025.

ZACHARY CHASE
Notary Public - Maryland
Baltimore County
My Commission Expires
10/30/27

- 4 -