UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re WASTE MANAGEMENT SECURITIES LITIGATION | : | Civil Action No. 1:22-cv-04838-LGS |
| | : | <u>CLASS ACTION</u> |
| | x | |

DECLARATION OF NOAM MANDEL
FILED ON BEHALF OF ROBBINS GELLER
RUDMAN & DOWD LLP IN SUPPORT OF
APPLICATION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

4925-8656-7284.v1

I, NOAM MANDEL, declare as follows:

1.      I am a partner of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      This Firm is court-appointed Lead Counsel for Lead Plaintiffs Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan, and the Class herein.

3.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 10,005.35.  A breakdown of the lodestar is provided in the attached Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $7,201,888.50.  The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases

- 1 -

set by the Firm for each individual.  These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts in other securities class action litigation.  The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side.  Different timekeepers within the same employment category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the Firm, years in the current position (*e.g.*, years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at this Firm or other firms. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5.    The Firm seeks an award of $946,662.31 in expenses and charges in connection with the prosecution of the Litigation.  Those expenses and charges are summarized by category in the attached Exhibit B.

6.    The following is additional information regarding certain of these expenses:

(a)    Filing and Attorney Service Fees: $1,115.20.  These expenses have been paid to the Court for filing fees and to an attorney service firm who served process of the complaint and a subpoena.  The vendors who were paid for these services are set forth in the attached Exhibit C.

(b)    Business Wire: $155.00.  This expense was necessary under the Private Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which provides, among other things, that

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the

4925-8656-7284.v1

date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)    Transportation, Hotels, and Meals: $29,474.36.  In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, prepare for and attend depositions.  The date, destination, and purpose of each trip is set forth in the attached Exhibit D.

(d)    Deposition Reporting, Transcripts, and Videography: $24,567.48.  The vendors who were paid for these services are listed in the attached Exhibit E.

(e)    Experts (Crowninshield Financial Research, Inc. ("Crowninshield")): $827,569.00.  These are the fees of Steven P. Feinstein, Ph.D. and other professionals at Crowninshield, a consulting firm that Lead Plaintiffs retained for purposes of providing economic analyses in connection with market efficiency, loss causation, and damages, and assisting in the preparation of a plan of allocation.  Dr. Feinstein is the founder and president of Crowninshield, and is an Associate Professor of Finance at Babson College.  Dr. Feinstein holds a Ph.D in Economics from Yale University, and is a Chartered Financial Analyst.  Dr. Feinstein submitted opening and rebuttal expert reports in connection with Lead Plaintiffs' motion for class certification, sat for deposition in connection with class certification, and consulted with Lead Counsel on damages.

(f)    Online Legal and Financial Research: $16,331.15.  This category includes vendors such as LexisNexis products, PACER, Refinitiv, and Westlaw.  These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs).  This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services

- 3 -

requested.  For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.  These flat rates provide substantial savings to the Class.

(g)    eDiscovery Database Hosting: $8,633.70.  Robbins Geller has installed top tier database software, infrastructure, and security, including the Relativity electronic discovery platform.  Over 50 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Tier III data center with automatic replication to a datacenter located in a different geographic location.  By hosting in-house, Robbins Geller is able to charge a reduced all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor.  Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost.  Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, active learning, clustering, and more).  Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-party vendor.  Utilizing this secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently, utilize AI technology, and has reduced the expense of maintaining and searching electronic discovery databases.  Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges.  The amount requested reflects charges for the hosting of over 140,000 pages of documents received by parties and non-parties in this action.

4925-8656-7284.v1

(h)     Mediation Fees (JAMS, Inc.): $36,454.69.  The parties retained JAMS, Inc. and Jed Melnick to provide mediation services in the Litigation.  Mr. Melnick conducted two in-person mediation sessions and two Zoom mediation sessions with the parties during the course of the Litigation.  Mr. Melnick's services concluded when the parties accepted a mediator's proposal to resolve the Litigation.

7.     The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8.     The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 10th day of November, 2025, at New York, New York.

*s/ Noam Mandel*
_____
NOAM MANDEL

4925-8656-7284.v1