UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

In re WASTE MANAGEMENT SECURITIES :    Civil Action No. 1:22-cv-04838-LGS
LITIGATION

:

:    <u>CLASS ACTION</u>

:

:    LEAD PLAINTIFFS' REPLY

:    MEMORANDUM OF LAW IN FURTHER

:    SUPPORT OF MOTIONS FOR: (I) FINAL

:    APPROVAL OF CLASS ACTION

:    SETTLEMENT AND APPROVAL OF PLAN

:    OF ALLOCATION; AND (II) AN AWARD

:    OF ATTORNEYS' FEES AND EXPENSES

:    AND AWARDS TO LEAD PLAINTIFFS

x    PURSUANT TO 15 U.S.C. §78u-4(a)(4)

——————————————————— x

Lead Plaintiffs Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan and Lead Counsel respectfully submit this reply memorandum of law in further support of: (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards to Lead Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4).  ECF 155-163.[1]

## I.    PRELIMINARY STATEMENT

The November 25, 2025 deadline for objections and requests for exclusion has passed and Lead Plaintiffs are pleased to inform the Court that the Class' reaction to the Settlement, Plan of Allocation, and Lead Counsel's fee and expense application, including awards to Lead Plaintiffs, has been overwhelmingly positive.  As detailed in the opening declaration of Ross D. Murray (ECF 161) and the accompanying Supplemental Declaration of Ross D. Murray Regarding Continued Notice Dissemination, Update on Call Center Services and Website, Proofs of Claim Received, and Requests for Exclusion Received to Date ("Suppl. Murray Decl."), the Claims Administrator disseminated notice of the Settlement to nearly 10,000 potential Class Members and nominees.  *See* ECF 161, ¶10; Suppl. Murray Decl., ¶¶3-4.  Notice was also published in *The Wall Street Journal*, transmitted over *Business Wire*, and posted on the settlement website established by the Claims Administrator, www.WasteManagementSettlement.com.  ECF 161, ¶¶11, 13; *see also* Suppl.

---

[1]    Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation of Settlement dated July 10, 2025 (ECF 146-1) (the "Stipulation") or in the Declaration of Noam Mandel in Support of: (1) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards to Lead Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 159).  Unless otherwise noted, citations are omitted and emphasis is added.

Murray Decl., ¶6.  There have been no objections to the Settlement or Plan of Allocation.[2] Moreover, no Class Member has sought exclusion from the Class.  Suppl. Murray Decl., ¶¶8-9.

The Class' favorable response supports a finding that the Settlement, Plan of Allocation, and Lead Counsel's fee and expense application, including Lead Plaintiffs' requests for awards of $10,000 each pursuant to 15 U.S.C. §78u-4(a)(4) for the time they spent representing the Class, are fair, reasonable, and adequate.

## II.    ARGUMENT

### A.    The Reaction of the Class Strongly Supports Approval of the Settlement and Plan of Allocation

As detailed in Lead Plaintiffs' opening brief in support of approval of the Settlement, Lead Counsel achieved an outstanding $30 million settlement, recovering between 38% and 53.4% of estimated recoverable damages.  ECF 156 at 2.  The Class agrees.  Not a single Class Member has objected to the Settlement or Plan of Allocation.  Likewise, no Class Member has sought to be excluded from the Class.  *See* Suppl. Murray Decl., ¶¶8-9.  This favorable reaction "is perhaps the most significant factor" in determining the fairness and adequacy of the proposed Settlement, and strongly supports approval here.  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005), *superseded by rule as stated in Moses v. New York Times Co.*, 79 F.4th 235 (2d Cir. 2023); *see also Contant v. Bank of Am. Corp.*, 2020 WL 13689631, at *25 (S.D.N.Y. Nov. 19, 2020)

---

[2]    As noted in Lead Plaintiffs' opening brief in support of the Settlement, Defendants' Counsel received a letter from Jovelle E. Brockway, a putative Class Member, requesting to comment on the proposed settlement.  As detailed in the parties' November 26, 2025 joint letter to the Court (ECF 165), Lead Counsel spoke to Ms. Brockway to inquire about the nature of her comment and whether she was a Class Member.  Ms. Brockway indicated that she was unsure whether she was a Class Member, and whether she had an objection to the Settlement, or whether her comment was with respect to an unrelated probate dispute, but informed counsel that she would provide proof of Class membership and further explain the nature of the dispute.  As of the date of this filing, Lead Counsel has not received any further communication from Ms. Brockway.  Lead Counsel is also informed by the Claims Administrator that as of the date of this filing, Ms. Brockway has not submitted a Proof of Claim form.

(Schofield, J.) (approving settlement with no objections finding "Class Members' reaction to the Settlement [is] entitled to great weight"); *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (alteration in original) ("'[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry' into the fairness and adequacy of the Settlement."); *In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *6 (S.D.N.Y. Dec. 19, 2014) ("The reaction of the . . . Class to the Settlement is a significant factor in assessing its fairness and adequacy."); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002) ("[T]he reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy.").

The Class' positive reaction to the Settlement therefore weighs in favor of final approval of the Settlement. *See* ECF 156 at §III.B.6, *see also Signet*, 2020 WL 4196468, at *6 ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *7 (S.D.N.Y. Dec. 18, 2019) ("To date, not a single Class Member has objected or sought exclusion. The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement. Thus, this factor strongly supports approval of the Settlement."); *In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement."), *aff'd*, 822 F. App'x 40 (2d Cir. 2020); *Yuzary v. HSBC Bank USA, N.A.*, 2013 WL 5492998, at *6 (S.D.N.Y. Oct. 2, 2013) ("No Class Member objected to the settlement[.] This favorable response demonstrates that the class approves of the settlement and supports final approval."); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL

- 3 -

4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

Moreover, the absence of objections from institutional investors provides further support for final approval of the proposed Settlement. *See, e.g.*, *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) ("[N]ot one of the objections or requests for exclusion was submitted by an institutional investor. Therefore . . . 'the class's reaction weighs heavily in favor of approval.'").

The Class' favorable response to the Plan of Allocation likewise supports approval of the Plan of Allocation. *See, e.g.*, *In re Romeo Power Inc. Sec. Litig.*, 2024 U.S. Dist. LEXIS 237134, at *3-*4 (S.D.N.Y. Aug. 1, 2024) (Schofield, J.) (approving plan of allocation where no objections were submitted); *Signet*, 2020 WL 4196468, at *6 ("The reaction of the Class also supports approval of the Plan of Allocation."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re XL Fleet Corp. Sec. Litig.*, No. 1:21-cv-02002-JLR, ECF 200 (S.D.N.Y. Apr. 30, 2024) (approving plan of allocation and noting that there were no objections to the proposed plan) (attached hereto as Ex. A); *In re Wells Fargo & Co. Sec. Litig.*, No. 1:20-cv-04494-JLR-SN, ECF 205 (S.D.N.Y. Sept. 8, 2023) (approving plan of allocation and noting that there were no objections to the proposed plan) (attached hereto as Ex. B).

### B. The Reaction of the Class Strongly Supports Approval of Lead Counsel's Fee and Expense Application

As set forth more fully in Lead Counsel's opening brief in support of an award of attorneys' fees and expenses, Lead Counsel's fee request of 33-1/3% of the Settlement Amount is supported by Lead Plaintiffs, consistent with awards in complex class action litigation according to empirical studies, and fair and reasonable under the relevant factors, including the fact that it does not result in

a windfall to Lead Counsel.  ECF 158; *see also In re Grab Holdings Ltd. Sec. Litig.*, 2025 WL 1413515 (S.D.N.Y. May 15, 2025) (awarding 33-1/3% of $80 million settlement, representing recovery of between 8.9% and 13.4% of estimated recoverable damages).  The recovery here far exceeds, on a percentage basis, the settlement in *Grab Holdings* and the 8.3% median recovery in securities class actions that were resolved between 2015 and 2024 after a motion for class certification was decided but before summary judgment motions were filed (*see* ECF 158-5 at 14, fig. 14).  Since the Claims Administrator disseminated the Court-approved notice, no objections have been raised to any aspect of Lead Counsel's application for awards of attorneys' fees and expenses or awards to Lead Plaintiffs.

"The absence of any objections to [Lead Counsel's] requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."  *Signet*, 2020 WL 4196468, at *21; *see also Guevoura Fund*, 2019 WL 6889901, at *22 ("To date, no object[ion] to the fee request has been received.  The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) ("No member of the Class has objected to either the Settlement or to Plaintiffs' Counsel's request for an award of attorneys' fees.  This response suggests that the fee request is fair and reasonable.").

Finally, for the reasons detailed in the Fee Memorandum and in the Declarations submitted by Lead Plaintiffs, the modest awards pursuant to 15 U.S.C. §78u-4(a)(4) should be granted.  ECF 158, §V; Tarantola Decl., ECF 160, ¶12.

## III.    CONCLUSION

The $30 million Settlement – the byproduct of extensive litigation and arm's-length negotiations by experienced counsel overseen by a skilled mediator – represents an outstanding recovery for the Class.  For these reasons and those set forth in their opening papers, ECF 155-163,

Lead Plaintiffs and Lead Counsel respectfully request that the Court: (i) approve the proposed Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Class; (ii) award attorneys' fees to Lead Counsel in the amount of 33-1/3% of the Settlement Amount, plus litigation expenses in the amount of $946,662.31, plus the interest earned on both amounts; and (iii) award $10,000 to each Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).  Proposed orders are submitted herewith.

DATED:  December 9, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
NOAM MANDEL
DESIREE CUMMINGS
JONATHAN ZWEIG
CHRISTOPHER T. GILROY

s/ Noam Mandel
NOAM MANDEL

420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com
dcummings@rgrdlaw.com
jzweig@rgrdlaw.com
cgilroy@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
ELLEN GUSIKOFF STEWART (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

Lead Counsel for the Class

- 6 -

- 7 -

## WORD COUNT CERTIFICATION

Pursuant to Rule III.B.1 of the Honorable Lorna G. Schofield's Individual Rules and Procedures in Civil Cases, the undersigned counsel certifies that the total number of words in the foregoing brief, inclusive of point headings and footnotes and exclusive of the caption, table of contents, table of authorities, signature block, and this Certification, is 1,818 words. This figure is based on Microsoft Word's word count function, which includes legal citations, numerical information, and certain forms of punctuation in the word count.