UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re WASTE MANAGEMENT SECURITIES LITIGATION | Civil Action No. 1:22-cv-04838-LGS <br><br> <u>CLASS ACTION</u> <br><br> [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARDS TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

This matter having come before the Court on December 16, 2025, on the motion of Lead Counsel for an award of attorneys' fees and expenses and awards to Lead Plaintiffs (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed of the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated July 10, 2025 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order, over the subject matter of this Litigation, and over all of the Settling Parties and all Class Members.

3. Notice of the Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all Persons entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees of 33-1/3% of the $30 million Settlement Amount, plus interest at the same rate earned by the Settlement Fund. Lead Counsel is also awarded litigation expenses in the amount of $946,662.31, plus interest at the same rate earned by the Settlement Fund, which is payable to Lead Counsel upon entry of the Judgment and this Order. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method. Lead Counsel shall allocate the attorneys' fees awarded

amongst Lead Plaintiffs' Counsel in a manner in which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Litigation.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Second Circuit as well as empirical research on attorneys' fees awards, and found that:

(a) the Settlement has created a fund of $30,000,000 in cash, pursuant to the terms of the Stipulation, and Class Members who submit valid Proof of Claim forms will benefit from the Settlement created by the efforts of Lead Counsel;

(b) the fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiffs, institutional investors who oversaw the prosecution and resolution of the Litigation;

(c) over 9,900 copies of the Postcard Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 33-1/3% of the Settlement Amount and for expenses in an amount not to exceed $1,000,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(d) Lead Counsel pursued the Litigation on a contingent basis;

(e) the claims against Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(f) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

(g) Lead Counsel conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(h) the Litigation raised a number of complex issues;

(i) Lead Plaintiffs' Counsel devoted at least 10,730 hours of attorney and paraprofessional time pursuing the Litigation on behalf of the Class, with a lodestar value of approximately $7,925,752 and a lodestar multiplier of 1.26 to achieve the Settlement;

(j) the fees sought are fair and reasonable and consistent with awards in similar cases;

(k) in light of the result obtained and the efforts of Lead Plaintiffs' Counsel, an upward adjustment of the 25% baseline fee to 33-1/3% is warranted in this Litigation and does not result in a windfall to Lead Plaintiffs' Counsel; and

(l) public policy considerations favor the award of reasonable attorneys' fees and expenses in securities class action litigation.

6. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $10,000 to each Lead Plaintiff, Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan, for the time they spent representing the Class.

7. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _____      _____
                                    THE HONORABLE LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE