UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re WASTE MANAGEMENT SECURITIES LITIGATION | : : : : : : : | Civil Action No. 1:22-cv-04838-LGS<br><br>CLASS ACTION<br><br>ORDER GRANTING FINAL APPROVAL OF SETTLEMENT |

LORNA G. SCHOFIELD, District Judge:

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated August 26, 2025, on the application of Lead Plaintiffs Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and United Industrial Workers Pension Plan for approval of the Settlement set forth in the Stipulation of Settlement dated July 10, 2025 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction to enter this Order, over the subject matter of the Litigation, and over all of the Settling Parties to the Litigation and all Members of the Class.

3. Excluded from the Class is any Person who properly excluded himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion, of which there are none.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) Lead Plaintiffs and Lead Counsel have adequately represented the Class;

(c) there was no collusion in connection with the Stipulation;

(d) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e) the relief provided for the Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure;

(f) the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g) the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their respective positions.

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6. The terms of the Stipulation and of this Order shall be forever binding on the Released Defendant Parties, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

7. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever waived, released, resolved, compromised, settled, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

8. Upon the Effective Date, and as provided in the Stipulation, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or other proceeding in any forum (including, but not limited to, any state or federal court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

9. Upon the Effective Date, the Releasing Plaintiff Parties shall be deemed to have covenanted not to sue any Released Defendant Parties on the basis of any Releasing Plaintiffs' Claims or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Plaintiffs' Claim against any Released Defendant Parties. The foregoing release is given regardless of whether Lead Plaintiffs or any Class Member: (i) executed and delivered a Proof of Claim; (ii) received the Notice; (iii) participated in the

Settlement Fund; (iv) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Lead Counsel for attorneys' fees and expenses; or (v) had their claims approved or allowed. Nothing contained herein shall bar any action or claim to enforce the terms of the Stipulation or this Order.

10. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever released, resolved, compromised, settled, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Releasing Plaintiff Parties. Claims to enforce the terms of the Stipulation or this Order are not released.

11. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Litigation.

12. Neither this Order nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be offered against the Released Defendant Parties or the Releasing Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Parties as to the truth of any facts alleged, validity, merit, or deficiency of any claim or defense that was or could have been asserted in this Litigation, that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the

Settling Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation.

13. The notice of the pendency and proposed Settlement of the Litigation given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Order.

14. The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Released Defendant Party shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15. Any Plan of Allocation submitted by Lead Counsel, any order entered regarding any attorneys' fee and expense application, or award to Lead Plaintiffs shall in no way disturb or affect this Order and shall be considered separate from this Order.

16. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim, or of any wrongdoing or liability of the Defendants or Defendants' Released Persons; (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Defendant Party in any statement, release, or written documents issued, filed, or made; or (c) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Defendants' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Released Defendant Parties may file the Stipulation and/or this Order from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) hearing and determining applications for approval of the Plan of Allocation; and (e) all Settling Parties herein for the purpose of construing, enforcing, and administering the Stipulation.

18. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and litigation expenses. Such orders shall

in no way affect or delay the finality of this Order and shall not affect or delay the Effective Date of the Settlement.

19. The Court's orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or their insurers, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and Releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of May 8, 2025, as provided in the Stipulation.

21. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 155.

Dated: December 18, 2025
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**